228

GOLDBERG, APPELLEE, *v.* CITY OF CINCINNATI ET AL.,
APPELLANTS.

[Cite as Goldberg v. Cincinnati (1971), 26 Ohio St. 2d 228.]

(No. 70-434—Decided June 23, 1971.)

230

*Mr. Jerome Goldman,* for appellee.

*Mr. William A. McClain,* city solicitor, *Mr. Phillip S. Olinger,* and *Mr. William H. Brewe,* for appellants.

HERBERT, J. Appellants' basic contention is that the Ferguson Act is not self-executing. In particular, they argue that public employees are not deemed to be on strike *within the meaning of the Ferguson Act* unless they have been sent the notice provided for in R. C. 4117.04.

Appellee asserts that the Ferguson Act is self-executing, in that the sanctions provided for in R. C. 4117.03 and 4117.05 apply automatically where public employees are engaged in the type of concerted activity defined as a strike in R. C. 4117.01(A) and 4117.04. Appellee argues that the notice provision in R. C. 4117.04 is nothing more than a procedural safeguard designed to give public employees an opportunity to request a hearing to establish that they were not engaged in a strike.

It is uncontroverted that the employees in question were engaged in a strike, and that notices pursuant to R. C. 4117.04 were not sent by the employees' superiors.

In R. C. 4117.01, the general definition of the terms "strike" and "public employee" are set forth:

"As used in Sections 4117.01 to 4117.05, inclusive, of the Revised Code:

"(A) 'Strike' means the failure to report for duty, the willful absence from one's position, the stoppage of work, or the abstinence in whole or in part from the full, faithful, and proper performance of the duties of employment, for the purpose of inducing, influencing, or coercing a change in the conditions, compensation, rights, privileges, or obligations of employment, or of intimidating, coercing, or unlawfully influencing others from remaining in or from assuming such public employment. Such sections do not limit, impair, or affect the right of any public employees to the expression or communication of a view, grievance, complaint, or opinion on any matter related to the conditions or compensation of public employment or their betterment, so long as such expression or communication is not designed to and does not interfere with the full, faithful, and proper performance of the duties of employment.

"(B) 'Public employee' means any person holding a position by appointment or employment in the government of this state, or any municipal corporation, county, township, or other political subdivision of this state, or in the public school service, or any public or special district, or in the service of any authority, commission, or board, or in any other branch of the public service."

The general prohibition against public employee strikes is found in R. C. 4117.02, which states:

"No public employee shall strike.

"No person exercising any authority, supervision, or direction over any public employee shall have the power to authorize, approve, or consent to a strike by one or more public employees, and such person shall not authorize, approve, or consent to such strike."

The Ferguson Act also contains specific sanctions against those employees violating its proscription:

R. C. 4117.05 provides:

"Any public employee who violates Section 4117.01 to 4117.05, inclusive, of the Revised Code, shall thereby be considered to have abandoned and terminated his appointment or employment and shall no longer hold such position, or be entitled to any of the rights or emoluments thereof, except if appointed or reappointed."

R. C. 4117.03 reads as follows:

"A person violating Sections 4117.01 to 4117.05, inclusive, of the Revised Code, may be appointed or reappointed, employed, or re-employed, as a public employee, but only upon the following conditions:

"(A)   His compensation shall in no event exceed that received by him immediately prior to the time of such violation;

"(B)   His compensation shall not be increased until after the expiration of one year from such appointment or reappointment, employment or re-employment;

"(C) Such person shall be on probation for a period of two years following such appointment or reappointment, employment or re-employment, during which period he shall serve without tenure and at the pleasure of the appointing officer or body."

The contentions of the parties to this appeal center upon R. C. 4117.04, which provides:

"Any public employee who, without the approval of his superior, unlawfully fails to report for duty, absents himself from his position, or abstains in whole or in part from full, faithful, and proper performance of his position for the purpose of inducing, influencing, or coercing a change in the conditions, as compensation, rights, privileges, or obligations of employment or of intimidating, coercing, or unlawfully influencing others from remaining in or from assuming such public employment *is on strike provided that notice that he is on strike shall be sent to! such employee by his superior by mail addressed to his· residence as set forth in his employment record.* Such employee, upon request, shall be entitled to establish that he did not violate Sections 4117.01 to 4117.05, inclusive, of the

Revised Code. Such request must be filed in writing, with the officer or body having power to remove such employee, within ten days after regular compensation of such employee has ceased. In the event of such request such officer or body shall within ten days commence a proceeding for the determination of whether such sections have been violated by such public employee, in accordance with the law and regulations appropriate to a proceeding to remove such public employee. Such proceedings shall be undertaken without unnecessary delay.''

At common law, strikes by public employees are uniformly illegal. The courts have prohibited such concerted activity by public employees because of its interference with the paramount public interest in the unimpeded performance of essential governmental functions. See, *e.g.*, *Cleveland* v. *Division* 268 (1949), 57 Ohio Law Abs 173, 90 N. E. 2d 711; *Norwalk Teachers Assn.* v. *Board of Edn.* (1951), 138 Conn. 269, 83 A. 2d 482; *Pinellas County Classroom Teachers Assn.* v. *Board of Public Instruction* (Fla. 1968), 214 So. 2d 34; *Board of Edn.* v. *Redding* (1965), 32 Ill. 2d 567, 207 N. E. 2d 427; *Anderson Federation of Teachers* v. *School City of Anderson* (Ind. 1969), 251 N. E. 2d 15; *Manchester* v. *Manchester Teachers Guild* (1957), 100 N. H. 507, 131 A. 2d 59; *Delaware River & Bay Authority* v. *International Organization of Masters, Mates & Pilots* (1965), 45 N. J. 138, 211 A. 2d 789; *International Brotherhood of Electrical Workers* v. *Grand River Dam Authority* (Okla. 1956), 292 P. 2d 1018; *Pawtucket* v. *Pawtucket Teachers Alliance* (1958), 87 R. I. 364, 141 A. 2d 624; *Alcoa* v. *International Brotherhood of Electrical Workers* (1957), 203 Tenn. 12, 308 S. W. 2d 476. See, also, annotation, 31 A. L. R. 2d 1142 and supplement; Vol. II A. B. A. Section of Labor Relations Law 113 (1970 Committee Reports); Kheel, Strikes and Public Employment, 67 Mich. L. Rev. 931; Anderson, Strikes and Impasse Resolution In Public Employment, 67 Mich. L. Rev. 943; 55 Columbia L. Rev. 343, 358; 75 Harv. L. Rev. 391, 407.

In order to further safeguard the public interest by

preserving a continuum of governmental services, Ohio and other states have enacted legislation which not only reiterates the common law prohibition against public employee strikes, but also fashions stringent disciplinary measures. *E. g.,* 9 McKinney's Consol. Laws of N. Y., Sect. 108 (known as the Conlin-Wadlin Act, repealed in 1967); 43 Penn. Stat. Ann., Sections 215.2-215.4 (1964).

In the case at bar, the first issue presented is whether, in view of the existence of common law doctrines forbidding public employee strikes at the time of the enactment of the Ferguson Act, all strikes by public employees automatically come within the purview of that legislation. One persuasive clue is to be found in the wording of R. C. 4117.03 and 4117.05, wherein the sanctions of the Act are set forth; both sections express the applicability of the disciplinary provisions contained therein in terms of persons "violating R. C. 4117.01 to 4117.05." Moreover, there is nothing in the language of Chapter 4117 suggesting that the General Assembly intended to pre-empt the entire area of the law concerning public employee strikes. For example, the Act does not purport to affect the power of the Court of Common Pleas to enjoin common law strikes by public employees.

In view of the continued viability of the historic common law interdiction of public employee strikes, and the express language in R. C. 4117.03 and 4117.05 directing their disciplinary impact against persons violating Chapter 4117, it is reasonable to conclude that the occurrence of a common law strike does not, *ipso facto,* constitute a strike in violation of the Ferguson Act.

R. C. 4117.01(A) sets out a definition of the term "strike," and R. C. 4117.02 provides that public employees shall not strike. However, it is clear that only R. C. 4117.04 contains an operative provision for determining when a public employee is on strike in violation of the Act. Significantly, the definition of "strike" appearing in this section is, for practical purposes, identical to that found in R. C. 4117.01(A).

Under R. C. 4117.04, the ultimate question turns upon the effect of the language *"provided that notice he is on strike shall be sent to such employee by his superior by mail addressed to his residence and set forth in his employment record."* In our opinion, a proper analysis of this language is essential to any determination of when a public employee is on strike within the meaning of R. C. Chapter 4117.

An investigation of the legislative history of this enactment proved fruitful. As introduced by Senator Ferguson in the 97th General Assembly, Section 6 of S. B. 261 provided:

"Section 6. Notwithstanding the provisions of any other law any person holding such a position who, without the lawful approval of his superior, fails to report for duty or otherwise absents himself from his position, or abstains in whole or in part from full, faithful and proper performance of his position shall be deemed on strike, *provided, however, that such person, upon request, shall be entitled, as hereinafter provided, to establish that he did not violate the provisions of this act.* Such request must be filed in writing, with the officer or body having power to remove such employee within ten days after regular compensation of such employee has ceased. In the event of such request such officer or body shall within ten days commence a proceeding for the determination of whether the provisions of this act have been violated by such public employee, in accordance with the law and regulations appropriate to a proceeding to remove such public employee. Such proceedings shall be undertaken without unnecessary delay." (Emphasis added.)

As can be seen, the General Assembly, for reasons of its own, significantly altered a vital provision of Senator Ferguson's bill. In its original form, the bill left no room for argument. The proviso, delimited by the word "however," related solely to an employee's request to obviate the stigma of guilt by association. The burden to assert the protection was entirely upon the employee, and the pro-

cedure under that proviso did not work as a condition precedent to the existence of the statutory strike. However, as the bill emerged in its final form, it had been distinctly revised to state that a public employee was engaged in the statutory strike only *provided* (if) the required notice was given.

The appellee contends further, and the Court of Appeals held, that the sending of notices pursuant to R. C. 4117.04 advising each of the employees in question that they were on strike was unnecessary because the employees had informed the city they were on strike. While the public employees in question did engage in a common law strike against their public employer, they cannot be considered to have engaged in a Ferguson Act strike where the notices required by R. C. 4117.04 were not sent. It must be emphasized that R. C. 4117.04 expressly contemplates actual written notice to each employee that he is on strike. There is good reason for strict compliance with this condition. Even in the case of employees who are reinstated, the effects of their violation of the Ferguson Act are severe and continue in force for as long as two years after reinstatement.

Appellee raises the further argument that the public employees continue their strike in violation of a permanent injunction and should not be permitted to retain the benefits achieved through such conduct. We are not here deciding what discipline the trial court should dispense for a violation of its injunction. This appeal is not from a judgment in that action. The record before us shows that the withholding of funds was ordered upon the basis of a found violation of the Ferguson Act, not as punishment for contumacious behavior.

Appellee contends also that a public employer has no discretion as to whether to "invoke" the Ferguson Act by sending notice to the employees that they are on strike, and argues that the failure of the city of Cincinnati to send such notices in the instant case should not, as a matter of public policy, vitiate the force of the Ferguson

Act. As we have pointed out, the Ferguson Act itself imposes the notice condition. The question of a public employer's clear legal duty to employ the act must be raised at a proper time and in a far different manner than was selected here.

In view of our holding that a public employee is not engaged in a strike in violation of the Ferguson Act unless the notice required by R. C. 4117.04 is sent, and since the Court of Appeals necessarily based its decision solely upon a purported violation of the Ferguson Act, the judgment of the Court of Appeals must be reversed and the judgment of the Court of Common Pleas is affirmed in accordance with this decision.

*Judgment reversed.*

SCHNEIDER, Acting C. J., POTTER, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

POTTER, J., of the Sixth Appellant District, sitting for O'NEILL, C. J.