Franklin County Law Enforcement Association et al., Appellees, *v.* Fraternal Order of Police, Capital City Lodge No. 9, et al., Appellants.

[Cite as Franklin Cty. Law Enforcement Assn. *v.* Fraternal Order of Police, Capital City Lodge No. 9 (1991), 59 Ohio St. 3d 167.]

(No. 90-82—Submitted December 19, 1990—Decided May 15, 1991.)

*Lucas, Prendergast, Albright, Gibson & Newman* and *James E. Melle*, for appellees.

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Russell E. Carnahan*, for appellant FOP.

*Schottenstein, Zox & Dunn, Robert D. Weisman* and *Susan Porter*, for appellants board of county commissioners and the individual commissioners.

*Lee I. Fisher*, attorney general, and *Joseph M. Oser*, urging reversal for *amicus curiae*, SERB.

MOYER, C.J. The question presented for our review is whether the common pleas court had jurisdiction to entertain plaintiffs' complaint despite the existence of specific remedies and procedures that were created by R.C. Chapter 4117 for the resolution of public-sector labor

disputes. We hold that the complaint was properly dismissed by the common pleas court for lack of jurisdiction.

In concluding that the common pleas court had jurisdiction over plaintiffs' complaint, the court of appeals relied on a line of cases from this court holding that declaratory relief is a remedy that is alternative or additional to other remedies. See *Gannon* v. *Perk* (1976), 46 Ohio St. 2d 301, 307, 75 O.O. 2d 358, 362, 348 N.E. 2d 342, 346-347 (collected cases); Civ. R. 57. An analysis of the rationale of those cases causes us to conclude that they do not control the disposition of the issue before us. Instead, we rely on *Zanesville* v. *Fannan* (1895), 53 Ohio St. 605, 42 N.E. 703, which held at paragraph two of the syllabus:

"Where a statute which creates a new right, prescribes the remedy for its violation, the remedy is exclusive; but when a new remedy is given by statute for a right of action existing independent of it, without excluding other remedies already known to the law, the statutory remedy is cumulative merely, and the party may pursue either at his option."

As further stated in *Fletcher* v. *Coney Island, Inc.* (1956), 165 Ohio St. 150, 154, 59 O.O. 212, 214, 134 N.E. 2d 371, 374: "Where the General Assembly by statute creates a new right and at the same time prescribes remedies or penalties for its violation, the courts may not intervene and create an additional remedy." The *Fletcher* court continued:

"* * * Although the Court of Common Pleas is a *court of general jurisdiction*, the jurisdiction it may exercise must be found either expressly or by necessary implication in statutory enactments. If the General Assembly has provided a remedy for the enforcement of a specific new right, a court may not on its own initiative apply another remedy it deems appropriate." *Id.* at 155, 59 O.O. at 214, 134 N.E. 2d at 375.

Before R.C. Chapter 4117 became effective, "Ohio had no legal framework governing public-sector labor relations, and dealt with these issues on an *ad hoc* basis." *State, ex. rel. Dayton F.O.P. Lodge No. 44*, v. *State Emp. Relations Bd.* (1986), 22 Ohio St. 3d 1, 5, 22 OBR 1, 4, 488 N.E. 2d 181, 184. Public employees had no constitutional or statutory right to bargain collectively, *F.O.P. Lodge No. 44* v. *Dayton* (1978), 60 Ohio App. 2d 259, 267, 14 O.O. 3d 238, 243, 396 N.E. 2d 1045, 1050, and no right to strike. See *Goldberg* v. *Cincinnati* (1971), 26 Ohio St. 2d 228, 55 O.O. 2d 468, 271 N.E. 2d 284. The current R.C. Chapter 4117 established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights.

R.C. Chapter 4117 sets forth a number of procedures through which plaintiffs might have raised their claims. R.C. 4117.11 recognizes that public employees and employers have a right to be free from "unfair labor practices" as defined therein. R.C. 4117.12(A) specifies that unfair labor practices are "remediable by the state employment relations board as specified in this section." The remainder of R.C. 4117.12 and 4117.13 sets forth detailed procedures for the hearing of unfair labor practice charges by SERB and the appeal or enforcement of SERB's orders in the common pleas court. The statutes pertaining to unfair labor practices do not provide for the filing of an original complaint in common pleas court.

Similarly, R.C. 4117.07 provides specific procedures for the determination of representation elections by

SERB. Upon the filing of a petition by an employee, employer, or union, SERB "shall investigate the petition, and if it has reasonable cause to believe that a question of representation exists, provide for an appropriate hearing upon due notice to the parties." R.C. 4117.07(A)(1) and (2). If SERB "finds upon the record of a hearing that a question of representation exists, it shall direct an election and certify the results thereof." R.C. 4117.07(A). SERB's final orders in election proceedings are appealable to the common pleas court pursuant to R.C. 119.12. Compare *South Community, Inc.* v. *State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, 527 N.E. 2d 864, with *Ohio Historical Society* v. *State Emp. Relations Bd.* (1990), 48 Ohio St. 3d 45, 549 N.E. 2d 157, and *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities* v. *Professionals Guild of Ohio* (1989), 46 Ohio St. 3d 147, 545 N.E. 2d 1260. R.C. 4117.07 does not specify that an aggrieved party may proceed directly to common pleas court to seek relief. In addition, R.C. 4117.19(E) provides a specific procedure through SERB to address violations of that section, again without any provision for declaratory or other relief by a private action in common pleas court.

In short, R.C. Chapter 4117 has created a series of new rights and set forth the remedies and procedures to be applied regarding those rights. Pursuant to *Fannan* and *Fletcher, supra,* those remedies and procedures are exclusive. As indicated above, the aforementioned procedures created in R.C. Chapter 4117 do not provide for the filing of a private action in the common pleas court. Accordingly, we hold that SERB has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117.

In an effort to avoid SERB's exclusive jurisdiction, plaintiffs have contended that their complaint did not concern matters over which SERB would have any jurisdiction. Primarily, they contend that the tentative partial agreement between the FOP and the board of county commissioners was invalid under R.C. 325.17 because it was reached without the sheriff's approval. SERB, they contend, can only interpret statutes in R.C. Chapter 4117. Since R.C. 325.17 is a "nonbargaining" statute, plaintiffs could enforce their rights thereunder in an action for declaratory, injunctive, or monetary relief.

Plaintiffs' arguments are unavailing. Ultimately, the question of who is the "public employer" must be determined under R.C. Chapter 4117. With certain limited exceptions, "Chapter 4117. of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117. of the Revised Code or as otherwise specified by the general assembly." R.C. 4117.10(A). This broad, preemptive language renders R.C. 325.17 largely irrelevant in this case, since R.C. Chapter 4117 controls in any event on the issue of who is the public employer. If the agreement is valid under R.C. Chapter 4117, it could not be rendered invalid by a contrary provision of R.C. 325.17. If the agreement is invalid under R.C. Chapter 4117, then a consistent provision in R.C. 325.17 has no effect. Thus, SERB need not "interpret" R.C. 325.17 to determine whether the tentative partial agreement was valid without the sheriff's approval. Plaintiffs' action in common pleas court therefore cannot be justified by reference to R.C. 325.17 as a "nonbargaining" statute.

More fundamentally, plaintiffs simply have not asserted any claims that fall outside the scope of R.C.

Chapter 4117. That chapter was meant to regulate in a comprehensive manner the labor relations between public employees and employers. Necessarily, then, it was not meant to give SERB exclusive jurisdiction over claims that a party might have in a capacity other than as a public employee, employer, or union asserting collective bargaining rights. Thus, as a matter of jurisdiction, if a party asserts rights that are independent of R.C. Chapter 4117, then the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive. Of course, even if a common pleas court has jurisdiction, R.C. 4117.10(A) in some cases may preempt the party's independent claim.

Plaintiffs asserted essentially three claims. First, the FOP did not "fairly and adequately represent" the sheriff's department employees. Second, the tentative partial agreement between the FOP and the board of county commissioners was invalid because the sheriff had not approved it. Third, the FOP was acting "in its own self-interest and against the interests of" the sheriff's department employees by scheduling a vote on the partial agreement without allowing the employees to study the agreement beforehand.

In every respect, plaintiffs were asserting collective bargaining rights created by R.C. Chapter 4117. The first claim depended on the FOP's duty under R.C. 4117.11(B)(6) to fairly represent all employees in the bargaining unit. Although plaintiffs attempted to characterize their second claim as one arising under R.C. 325.17, that claim clearly was premised on the allegation that the partial agreement served to "defeat" the employees' right to a fair vote under the auspices of SERB.[1] It therefore ultimately depended on the right to vote on union representation established in R.C. 4117.07.

Plaintiffs' third claim expressly relied on R.C. 4117.19(C)(4). Plaintiffs also attempted to justify their third claim by reliance on "the * * * [FOP] constitution." Although union members can have common-law contractual rights that exist independently of R.C. Chapter 4117, we note that plaintiffs did not specify the FOP constitutional provision that was allegedly violated. It appears that they referred to the FOP constitution only to the extent that they contended R.C. 4117.19(C)(4) imposed a duty on the FOP to provide in its constitution for "the right of individual members to participate in the affairs of the organization * * *." In other words, as pleaded, plaintiffs' claim under the FOP constitution was inextricably intertwined with rights purportedly created and imposed by R.C. Chapter 4117. Because plaintiffs' claims were dependent on the framework established in R.C. Chapter 4117, plaintiffs were limited to the remedies and procedures provided in that chapter and the common pleas court was without jurisdiction.

---

[1] In their complaint, plaintiffs asserted that the tentative partial agreement usurped the statutory powers of the sheriff. Plaintiffs, however, had no standing to seek the vindication of the sheriff's alleged prerogatives under R.C. 325.17. They could challenge the agreement only to the extent it affected their own rights, as alleged in their contention that the agreement was an attempt to "defeat" the employees' right to a fair vote under the auspices of SERB.

Plaintiffs belatedly raised, during oral argument, the purported infringement of their First Amendment rights. Because constitutional rights exist independently of R.C. Chapter 4117, such claims may be raised in common pleas court even though they may touch on the collective bargaining relationships between employer, employee, and union. However, plaintiffs' First Amendment claim was waived because it was not raised in the trial court or the court of appeals. In any event, plaintiffs had no First Amendment right to bargain collectively with the sheriff. *Smith* v. *Arkansas State Highway Employees, Local 1315* (1979), 441 U.S. 463; *Hanover Twp. Federation of Teachers* v. *Hanover Community School Corp.* (C.A. 7, 1972), 457 F. 2d 456.

Accordingly, we hold that plaintiffs' complaint asserted matters falling wholly within the exclusive purview of R.C. Chapter 4117. In the absence of any claimed authority under that chapter for the filing of a private complaint in common pleas court, the trial court properly dismissed plaintiffs' complaint for lack of jurisdiction. The judgment of the court of appeals is reversed and the judgment of the trial court is hereby reinstated.

*Judgment reversed.*

SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in the syllabus and judgment.

HOLMES, J., dissents.

HOLMES, J., dissenting. After reviewing the complaint filed by the plaintiffs in the case *sub judice*, I conclude that it contains claims which are separate and independent from R.C. Chapter 4117. Therefore, I respectfully dissent from today's majority opinion.

In their complaint, the plaintiffs separately contended that the partial settlement agreement between the FOP and the county commissioners violated R.C. 325.17. Pursuant to R.C. 325.17, only the sheriff may fix the compensation of his employees. Since a resolution of this claim requires judicial interpretation of the language within R.C. 325.17, it is proper to allow the plaintiffs to file a declaratory judgment action to determine their rights under this provision in common pleas court.

Such result is consistent with other pronouncements of this court wherein we permitted declaratory judgment actions in controversies grounded in R.C. Chapter 4117 claims. See *Ohio Historical Society* v. *State Emp. Relations Bd.* (1990), 48 Ohio St. 3d 45, 549 N.E. 2d 157 (this court permitted a plaintiff who was initially found to be a public employer by SERB to process his declaratory judgment action seeking review of SERB's determination; although the propriety of the declaratory judgment was not appealed to this court, both the majority and dissent recognized the action could be maintained in the trial court pursuant to R.C. Chapter 2721); *Kettering* v. *State Emp. Relations Bd.* (1986), 26 Ohio St. 3d 50, 26 OBR 42, 496 N.E. 2d 983 (declaratory judgment action to determine constitutionality of R.C. 4117.01[F][2]); *Local 4501* v. *Ohio State Univ.* (1986), 24 Ohio St. 3d 191, 24 OBR 420, 494 N.E. 2d 1082 (plaintiff sought judicial declaration that Ohio State University had illegally entered into contracts for the provision of custodial services by independent contractors pursuant to R.C. Chapter 4117). Today's majority, however, overlooks its approval of

such procedure and incorrectly concludes that since plaintiffs' R.C. 325.17 claim arises from and is dependent on the rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive.

Since I believe that the plaintiffs' R.C. 325.17 claim was separate and independent from their R.C. Chapter 4117 claims, I agree with the court of appeals that the Court of Common Pleas of Franklin County had jurisdiction in the plaintiffs' action for declaratory judgment. Accordingly, I must dissent from today's majority opinion.