MURDOCK, Appellant,

v.

VILLAGE OF OTTAWA HILLS et al., Appellees.

[Cite as *Murdock v. Ottawa Hills* (1999), 134 Ohio App.3d 470.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–99–1017.

Decided Sept. 10, 1999.

*Timothy W. Longacre*, for appellant.

*William S. McCreedy* and *Joan Szuberla*, for appellee.

---

KNEPPER, Judge.

This is an appeal from a decision of the Lucas County Court of Common Pleas that granted summary judgment in favor of appellees village of Ottawa Hills et al. on the complaint of appellant Michael Murdock, Jr. alleging discriminatory hiring practices. For the reasons that follow, this court affirms the judgment of the trial court.

Appellant sets forth the following assignments of error:

"I. The Common Pleas Court of Lucas County erroneously granted the appellees [*sic*] summary judgment motion as the appellees failed to satisfy their burden under Civ.R. 56.

"II. The Common Pleas Court of Lucas County erroneously granted the appellees [*sic*] summary judgment motion by failing to apply the proper limitation statute to this cause of action.

"III. The Common Pleas Court of Lucas County erroneously granted the appellees [*sic*] summary judgment motion by finding that the appellees were not the proper parties to be included in this cause of action.

"IV. The Common Pleas Court of Lucas County erroneously granted the appellees [*sic*] summary judgment motion by applying the wrong evidentiary standard under Civ.R. 56.

"V. The Common Pleas Court of Lucas County erroneously granted the appellees [*sic*] summary judgment motion by excluding the appellant from the 'protected class' status under R.C. 4112.02 and R.C. [4117.11(A)(1)], (2) & (3).

"VI. The Common Pleas Court of Lucas County erroneously granted the appellees [*sic*] summary judgment motion by making a determination of immunity for the appellees."

The undisputed facts that are relevant to the issues raised on appeal are as follows. Appellees in this case are the village of Ottawa Hills ("Village"), Village Administrator Marc Thompson, Village Fire Chief Donald Farley, Village Fire Captain Steve Bettinger and Village Assistant Fire Chief Fred Sloyer ("appellees"). On April 16, 1998, appellant filed a complaint in which he alleged that he had applied for a position as a firefighter with the village of Ottawa Hills Fire Department in 1991 and since that time the Village had hired a number of less qualified persons as firefighters, that the Village refused to hire appellant because his father, a former Village firefighter for fifteen years, had helped establish a collective bargaining unit for Village police officers, firefighters, and other municipal employees; that appellees violated Ohio public policy as set forth in R.C. 4112.02 and 4112.99 by discriminating against him and engaging in retaliatory conduct based upon his membership in a union and upon his familial relations; that appellees denied him equal treatment under the law as guaranteed by R.C. 4112.02 and the Constitutions of the United States and the state of Ohio; and that appellees engaged in discriminatory retaliation against appellant by representing to appellant that he would be hired while they had no intention of doing so. On May 1, 1998, appellees filed their answer to appellant's complaint in which they asserted that they had not engaged in discriminatory conduct and were statutorily immune from any civil action.

On July 6, 1998, appellees filed a motion for summary judgment in which they asserted that there is no basis for appellant's tort claim based upon Ohio public policy because the public policy which appellant cites actually refers to an exception to the employment-at-will doctrine in cases of wrongful discharge; that

appellant's allegations that he was discriminated against due to his father's union activities do not create a cause of action under R.C. 4112.02 because appellant is not a member of a protected class under the statute, which prohibits discrimination on the basis of race, color, religion, sex, national origin, handicap, age, or ancestry; that appellant has failed to demonstrate how appellees' failure to hire him amounted to a denial of his right to equal treatment under the law; that even if appellant could set forth evidence supporting his claim that he was not hired due to the alleged union activities of his father, such allegations do not give rise to a cause of action for retaliation pursuant to R.C. 4112.02(I); that the village of Ottawa Hills is immune from suit pursuant to R.C. 2744.02, which provides immunity to political subdivisions for governmental functions, subject to certain exceptions, none of which applies in this case; that the remaining individual appellees are immune from appellant's claims pursuant to R.C. 2744.03(A)(6) as individual employees or officers of the Village; that pursuant to R.C. 2744.05, punitive damages may not be awarded against a political subdivision; and that the remaining individual appellees cannot be found liable for punitive damages because appellant cannot show that they acted with actual malice.

Appellant filed a memorandum in opposition to the motion for summary judgment in which he asserted that he had demonstrated a claim for relief under R.C. 4112.02, Ohio public policy, on the basis of retaliation and a violation of his right to equal protection. In support thereof, appellant attached the following: (1) the affidavit of his father, Michael Murdock, Sr., in which his father stated that he was harassed by the Village fire department administration for his involvement with the Municipal Employees Association ("MEA"); (2) the affidavit of Terry Dawley, a former Village firefighter who said he resigned from the department due to on-the-job harassment for his involvement with the MEA; (3) the affidavit of former Village Assistant Fire Chief John Dawley, who stated that he was involved in founding the MEA and that he was subjected to harassment by the administration; attached to Dawley's affidavit was what is purported to be the transcript of a meeting in 1995 in which Farley, Sloyer, and Bettinger discussed hiring new firefighters and in which Bettinger said he did not want to work "with two Murdocks"; (4) the affidavit of former Village police officer Edward Donnelly, who stated that when he was promoted to sergeant he was told by the Village Police Chief that he would have to resign from the union and have no further involvement if he wanted to "keep his stripes"; (5) a sign-up sheet for union membership; (6) a memo dated 1996 from the Village Police Chief stating that the Village declined a financial contribution from the union for a Village community service program; (7) a letter to Chief Farley from John Dawley recommending that the Village hire appellant and stating that appellant met the employment qualifications; and (8) a 1995 letter to the MEA indicating that

several of the undersigned employees were resigning from the union because its ability to work with the administration had deteriorated recently.

On December 21, 1998, the trial court filed its decision in which it granted summary judgment in favor of appellees. In its judgment entry, the trial court found that appellant had provided the court with "mountains of hearsay" and "supplied no requisite summary judgment evidence to rebut the defendants' motion for summary judgment." The trial court further found that appellant is not a member of a protected class under R.C. Chapter 4112 but merely "the son of someone who is involved with a union."

Appellant's first, fourth, and fifth assignments of error will be considered together. In appellant's first assignment of error, he asserts that appellees failed to satisfy their burden under Civ.R. 56(C) of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of appellant's claim. In his fourth assignment of error, appellant asserts that the trial court applied the wrong evidentiary standard when it found that appellant failed to bring forth sufficient evidence to rebut appellees' motion for summary judgment. In his fifth assignment of error, appellant asserts that the trial court erred by excluding him from " 'protected class' status."

In reviewing summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In reviewing an appeal of an order granting or denying summary judgment, an appeals court conducts a *de novo* review of the record. See *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 120, 570 N.E.2d 1108, 1113–1114.

Each of the three counts in appellant's complaint alleges that appellees violated R.C. 4112.02 when they failed to hire him.

R.C. 4112.02 provides:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the *race, color, religion, sex, national origin, handicap, age, or ancestry* of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." (Emphasis added.)

The Supreme Court of Ohio has held that "federal case law interpreting Title VII of the Civil Rights Act of 1964, Sections [2000e] *et seq.*, Title 42, U.S.Code, is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Plumbers & Steamfitters Commt. v. Ohio Civil Rights Comm.* (1981), 66 Ohio St.2d 192, 196, 20 O.O.3d 200, 202, 421 N.E.2d 128, 131; *Sutherland v. Nationwide Gen. Ins. Co.* (1994), 96 Ohio App.3d 793, 799–800, 645 N.E.2d 1338, 1343.

In *Frank v. Toledo Hosp.* (1992), 84 Ohio App.3d 610, 615, 617 N.E.2d 774, 778, this court observed:

"As to 'disparate treatment,' our courts have adopted the formula set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 802–805, 93 S.Ct. 1817, 1824–1826, 36 L.Ed.2d 668, 677–679, (for claims brought pursuant to Title VII), as the analysis for judicial inquiry into complaints alleging disparate treatment in violation of R.C. Chapter 4112. Although the *McDonnell Douglas* formula was developed in response to allegations of racial discrimination in hiring, both federal and Ohio courts have found the formula to be flexible enough to fit the varying factual allegations in Title VII and R.C. Chapter 4112 cases pertaining to sex discrimination and discriminatory discharge, and have modified it accordingly." (Citations omitted.)

A complainant in a Title VII case must carry the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas, supra,* at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 677–678. To establish a prima facie case of employment discrimination in hiring under Title VII, a complainant must show:

"(i) *that he belongs to a [protected class]*; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." (Emphasis added and footnote deleted.) *McDonnell Douglas Corp., supra,* at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 677–678.

In the case before us, it is undisputed that appellant applied for a job as a firefighter for the village of Ottawa Hills and that the Village never hired him. Applying the standard set forth in *McDonnell Douglas,* and construing the evidence most strongly in favor of appellant, however, we find that appellant has not established a prima facie case because he has failed to show that he is a member of a protected class. Appellant's claim of employment discrimination is premised on the argument that the Village refused to hire him because of his father's role in establishing a union for Village employees. Being the son of a former union organizer is clearly not a protected class pursuant to R.C. 4112.02.

After a thorough review of the record of proceedings in the trial court in this case, we find that appellant offered no evidence to establish that he is a member

of a protected class and, when the undisputed facts are viewed in a light most favorable to appellant, reasonable minds can only conclude that appellees are entitled to summary judgment as a matter of law. Accordingly, appellant's first, fourth, and fifth assignments of error are not well taken.

■ In his second, third, and sixth assignments of error, appellant challenges the trial court's findings that his claims are barred by the applicable statute of limitations, that suit was not brought against the proper parties, and that appellees are statutorily immune to appellant's claims. Based on our finding as set forth above that the trial court properly granted summary judgment, we find that the issues of governmental immunity, the statute of limitations, and whether the proper parties were named in the complaint are moot. Accordingly, appellant's second, third, and sixth assignments of error are not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.

*Judgment affirmed.*

HANDWORK, P.J., concurs.

SHERCK, J., concurs separately.

SHERCK, Judge, concurring.

I write in concurrence because I believe that the majority has not adequately discussed appellant's "public policy tort" arguments. Appellant maintains that he was not hired by appellees because of his father's union activities. Pursuant to R.C. 4117.11(A)(3), a public employer commits an unfair labor practice when, in hiring, it discriminates against an individual on the basis of his or her exercise of collective bargaining rights created under R.C. Chapter 4117. Therefore, appellant argues that such discrimination is against public policy in Ohio. Since the termination of an employee for reasons that are against public policy removes the employee from Ohio's employee-at-will doctrine, appellant suggests that a cause of action exists for wrongfully denying someone employment in violation of public policy.

Construing the evidence most strongly in appellant's favor, it can be said that he has raised a question of fact as to whether he was denied employment because of his father's union activities. In my view, a person who is discriminated against for someone else's union activities is, in essence, discriminated against for union activities.

Appellant's argument breaks down, however, when he asserts his tort remedy. Notwithstanding any immunity arguments, claims that arise from or depend upon rights created by R.C. Chapter 4117 are exclusively in the province of the State Employment Relations Board. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph two of the syllabus. Moreover, even were we to accept appellant's assertion that R.C. Chapter 4117 represents some broader public policy, to apply this to a hiring situation goes far beyond the exception to Ohio's employee-at-will doctrine that has been established for terminations. See *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981.