OPINION
Appellant, Harry C. Turner, III, appeals the judgment entry of the Trumbull County Court of Common Pleas granting appellees', the State of Ohio and the Ohio Civil Service Employees Association ("OCSEA"), motion to dismiss.
Appellant is a corrections officer at the Trumbull Correctional Institution, located in Warren, Ohio. The facts indicate the Ohio Department of Rehabilitation and Correction and appellant's union, OCSEA, entered into a collective bargaining agreement that expired on February 29, 2000. The collective bargaining agreement governs the conditions of appellant's employment and provides that all grievances and disputes by correctional officers be filed with the State of Ohio for binding arbitration, in accordance with R.C. Chapter 4117. Appellant filed a grievance on July 6, July 7, and October 15, 1998, concerning overtime, overtime distribution, seniority, and seniority rosters. Appellant admits in his brief that he neither withdrew nor failed to process each of the grievances.
On November 20, 1998, appellant filed a complaint in the Trumbull County Court of Common Pleas seeking damages and injunctive and declaratory relief for alleged violations of the collective bargaining agreement by appellees. The thrust of the complaint focused on the fact that subsequent to the execution of the collective bargaining agreement, the Trumbull Correctional Institution allowed corrections officers to submit a "bid" for a permanent duty shift, to be granted in order of seniority, which contradicted the collective bargaining agreement's provision for shift rotation. The complaint also alleged that OCSEA breached its duty of fair representation with respect to the processing of the three grievances.
On December 21, 1998, OCSEA filed a Civ.R. 12(B)(1) motion to dismiss appellant's complaint for lack of subject matter jurisdiction. In a one-sentence judgment entry filed by the trial court on March 5, 1999, appellee OCSEA's motion to dismiss was granted. Appellant then timely instituted this appeal, raising the following assignments of error:
 "[1.] For purposes of enforcing an arbitration opinion and award, the trial court erred in not determining that Appellant was a party to a collective bargaining agreement and had standing to sue for enforcement of the aforesaid arbitration opinion and award [sic].
 "[2.] For purposes of filing a civil action for multiple violations of a collective bargaining agreement, the trial court erred in not determining that Appellant was a party to a collective bargaining agreement and had standing to sue for violations of the aforesaid collective bargaining agreement [sic].
 "[3.] The trial court erred in not determining that it had subject-matter jurisdiction to hear Appellant's claim against the Ohio Civil Service Employees Association for allegedly breaching its common law duty of fair representation [sic].
 "[4.] The trial court's dismissal of the complaint violates Appellant's protected rights to substantive and procedural due process under the Constitutions of the United States and Ohio [sic]."
Due to the fact that each of these assignments of error concern the manner in which the trial court dealt with claims based on the collective bargaining agreement, they will be addressed in a consolidated fashion.
Civ.R. 12(B)(1) will be properly applied by a trial court when the complaint fails to support a basis for subject matter jurisdiction. Howard v. Covenant Apostolic Church, Inc. (1997),124 Ohio App.3d 24, 27. When considering a Civ.R. 12(B)(1) motion, the trial court may consider any pertinent matter in making its decision and is not limited to the allegations in the complaint. Id. In regard to R.C. Chapter 4117, the State Employment Relations Board ("SERB") possesses exclusive jurisdiction over matters committed to it by that chapter of the Revised Code. Franklin Cty. Law Enforcement Assoc. v. F.O.P.Capital City Lodge No. 9 (1991), 59 Ohio St.3d 167, paragraph one of the syllabus. The Ohio Supreme Court further wrote:
 "If a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive."
Id. at paragraph two of the syllabus.
It is a long-standing rule that when the General Assembly creates a new right by statute and also prescribes remedies or penalties for its violation, the court may not intervene and create additional remedies. Id. at 169; Fletcher v. Coney Island, Inc.
(1956), 165 Ohio St. 150, 154.
In Franklin Cty. Law Enforcement, supra, a complaint had been filed directly in the court of common pleas concerning issues arising from and concerning a collective bargaining agreement. While the trial court reversed the court of common pleas, and concluded that the lower court did have subject matter jurisdiction over the matter, the Ohio Supreme Court reversed. The supreme court held that because the issue dealt with a collective bargaining agreement governed by the provisions set forth in R.C. 4117, the complaint was properly dismissed for lack of subject matter jurisdiction since "R.C. Chapter 4117 [does] not provide for the filing of a private action in the common pleas court." Id. at 170. The court further held that "the SERB has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117." Id.
In the instant matter, the collective bargaining agreement at issue is governed by the provisions provided for in R.C. 4117. The record reveals that although appellant originally filed grievances, he voluntarily failed to pursue them. Additionally, the record clearly demonstrates that after failing to properly utilize the grievance procedure applicable to the issues he had, appellant filed a complaint in the trial court. Consequently, under Franklin Cty. Law Enforcement, the trial court was without subject matter jurisdiction to decide the merits, as the SERB has exclusive jurisdiction to decide any violations of the collective bargaining agreement at the heart of this case. Therefore, the trial court properly granted OCSEA's Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. Accordingly, appellant's assignments of error are without merit.
For the foregoing reasons, appellant's assignments of error are not well-taken, and the judgment of the Trumbull County Court of Common Pleas is affirmed.
 ______________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.