JOURNAL ENTRY AND OPINION
Plaintiff-appellant the Cuyahoga Deputy Sheriff's Union Local 1 (appellant) appeals the dismissal of its complaint for declaratory judgment and tortious interference with contract.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANT'S COMPLAINT FOR DECLARATORY JUDGMENT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANT'S COMPLAINT FOR TORTIUOUS INTERFERENCE.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
In 1992, appellant became the bargaining unit representative for the deputies of the Cuyahoga County Sheriff's Department. On September 4, 1998, the Ohio Patrolmans' Benevolent Association (OPBA) filed a petition for representative election with the State Employment Relations Board (SERB). On September 16, 1998, SERB scheduled the representative election for February 2, 1999. Appellant strenuously objected to the petition and sought to prevent the representative election from going forward. Appellant filed objections to the petition with SERB.
In October of 1998, appellant entered into negotiations with the Sheriff's Department. On November 28, 1998, appellant and the Sheriff's Department reached a collective bargaining agreement for the period covering January 1, 1999 through December 31, 2001. On December 16, 1998, the deputy sheriffs voted to ratify the contract. The Cuyahoga County Board of Commissioners approved the contract on December 22, 1998. The contract states that the Deputy Sheriff recognizes appellant as the sole collective bargaining agent for the deputy sheriffs as described by SERB.
On January 13, 1999, SERB overruled appellant's objections to the representative election and informed the parties that the election would go forward as scheduled. Appellant filed an action for injunctive relief in the Franklin County Common Pleas Court. After holding a hearing, that court denied injunctive relief and dismissed the matter. The election went forward on February 2, 1999, with OPBA prevailing. On March 18, 1999, SERB certified the results of the election. Appellant pursued the legality of this election in the Franklin County courts.
On April 7, 1999, appellant filed a complaint for declaratory judgment in the Cuyahoga County Common Pleas Court, naming the Sheriff as defendant. Appellant asked the trial court to direct the Sheriff to pay it the monies deducted from the payroll of its members for union dues. Appellant requested the trial court recognize it as the exclusive representative for employee grievances and declare the contract entered into in December of 1998 as valid and enforceable. On April 15, 1999, appellant amended its complaint to add OPBA as a defendant and asserting an additional claim for tortious interference with contract.
Appellant and OPBA filed numerous motions below. On September 17, 1999, the trial court dismissed the case, finding that jurisdiction over the parties had vested in the Franklin County Common Pleas Court. Appellant appealed that decision to this court but dismissed the appeal to allow the trial court to attend to some other procedural matters. The trial court again dismissed the case on February 4, 2000. Appellant filed an appeal from this dismissal.
On September 2, 1999, appellant filed a complaint with SERB charging OPBA committed an unfair labor practice. In the complaint, appellant averred it is the sole collective bargaining agent for the deputy sheriffs and is entitled to receive the payroll deductions for union dues as called for under the contract. Appellant argued the Sheriff's Department is required to give full force and effect to the terms of the contract, without regard to the election held on February 2, 1999. Specifically, appellant objected to OPBA appearing as the legal representative for union members at administrative hearings. Among its requests for relief, appellant asked SERB to declare the contract as valid and enforceable. Appellant also charged OPBA committed an unfair labor practice by intentionally procuring a breach of the contract. On November 18, 1999, SERB dismissed both charges, finding no probable cause exists to believe OPBA committed an unfair labor practice. SERB also found appellant lacked standing to file the charge.
 II.
Appellant's assignments of error will be addressed together as similar issues of law and fact are present. Primarily, appellant is arguing that the trial court had jurisdiction to proceed on its complaint and declare the rights of the parties under the contract. Appellant contends it did not bring an action for unfair labor practices below and maintains nothing in R.C. 4117.11 covers the declaration of rights under the contract. Appellant asserts that the trial court need only apply general contract law to determine the continued application of the contract. This determination would be independent of R.C. Chapter 4117.
In Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9 (1991), 59 Ohio St.3d 167, at paragraph one of the syllabus, the court held that SERB has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117. The court acknowledged that a common pleas court may hear any rights asserted by a party which are independent of R.C. Chapter 4117. However, claims arising from or dependent upon the collective bargaining rights created by R.C. Chapter 4117 must be resolved by the remedies provided in that chapter. Id. at paragraph two of the syllabus.
The Supreme Court of Ohio appears to have modified this holding in E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.A.F.(1994),70 Ohio St.3d 125, in which the court held SERB's exclusive jurisdiction to resolve unfair labor practices existed in two general areas. One of the areas is where a party files charges with SERB alleging an unfair labor practice under R.C. 4117.11. The other is found when a complaint is filed in a court of common pleas which alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11 and the trial court dismisses the complaint for lack of subject matter jurisdiction.
R.C. 4117.11 provides in pertinent part:
 (B) It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to:
 (1) Restrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code . . .
 (2) Cause or attempt to cause an employer to violate division (A) of this section.
Appellant purports to be an employee organization. It is seeking to prevent OPBA from representing employees at hearings by enforcing the terms of the contract. This interferes with the employees' rights under R.C. Chapter 4117. Further, this action, if implemented, could cause the Sheriff's Department to violate R.C. 4117.11(A). Appellant already filed a complaint alleging OPBA committed an unfair labor practice based upon the same issues as raised in its complaint for declaratory judgment. Appellant even asked SERB to declare the contract to be valid and enforceable. If SERB did so, it essentially would be determining the rights of the parties under the contract.
The contract at issue was negotiated pursuant to R.C. Chapter 4117 under the auspices of SERB. Appellant is seeking a determination of the enforceability of the contract after a rival union won the right to represent the deputy sheriffs at an election certified by SERB. Appellant really has brought a claim alleging an unfair labor practice was committed. This issue falls under SERB's exclusive jurisdiction. The trial court lacked subject matter jurisdiction to consider the complaint for declaratory judgment. The trial court could not make any declaration of the parties' rights because the complaint was dismissed on jurisdictional grounds. See Robinson v. Cuyahoga Cty. Bd. of Commissioners(Sep. 28, 2000), Cuyahoga App. Nos. 77631 and 77757, unreported.
Appellant's tortious interference with a contract claim was based upon its first cause of action. A determination by SERB that the contract had no force or effect after the certification of the election also would terminate this claim. The trial court did not have subject matter over this tort claim either.
Appellant's first and second assignments of error are overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
TERRENCE O'DONNELL, P.J. and JOHN T. PATTON, J. CONCUR.
 ____________________________ LEO M. SPELLACY, JUDGE