Lester T. MCCRARY, Plaintiff–Appellant,

v.

OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION LOCAL 11 AFL–CIO; Jerry Burlingame; Carol Bowshier; Barbara Follman; Victor Dandridge; State of Ohio Department of Human Services; Di Di Romer–Sensky; Felicia Bernardini, Defendants–Appellees.

No. 00–4273.

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

Lester T. McCrary appeals pro se from the district court's dismissal of an employment discrimination case that he had filed under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Equal Pay Act, 29 U.S.C. § 206(d)(1), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq,* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

McCrary alleged that his employer, the Ohio Department of Human Services ("ODHS"), and several state employees, as well as his union, the Ohio Civil Service Employees Association ("OCSEA"), and several union representatives had discriminated against him based on his race, sex, age and disability. The district court dismissed most of McCrary's claims on March 31, 2000. It awarded the defendants summary judgment regarding his remaining claims on September 25, 2000.

■ McCrary's brief does not contain any clear challenge to the district court's rejection of his claim under the Equal Pay Act. Therefore, he has abandoned this claim for purposes of appellate review.

*See Kocsis v. Multi–Care Mgmt.,* 97 F.3d 876, 881 (6th Cir.1996).

■ McCrary cannot obtain damages under the ADEA and §§ 1981, 1983, 1985 and 1986, insofar as the defendants were sued in their official capacity as state employees. *See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). The defendants may be liable for damages in their individual capacity, but the district court properly found that there was insufficient support for McCrary's constitutional claims. *See Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996). Moreover, he cannot maintain such a claim for conduct that is otherwise actionable under Title VII. *See Morris v. Oldham County Fiscal Court,* 201 F.3d 784, 794–95 (6th Cir.2000).

■ The court rejected McCrary's ADA claim, as he did not show that an adverse employment decision had been based on his disability. *See Kocsis,* 97 F.3d at 884–87. McCrary now argues that the defendants failed to accommodate his sleeping disorder. However, it appears that the ODHS made reasonable efforts to accommodate this impairment "by allowing him to travel with his co-workers, encouraging him to apply for other positions and offering him disability retirement." *McCrary v. Ohio Dep't of Human Servs.,* No. 99–3231, 205 F.3d 1341, 2000 WL 191735, at *1 (6th Cir. Feb.3, 2000) (unpublished), *cert. denied,* 531 U.S. 871, 121 S.Ct. 170, 148 L.Ed.2d 116 (2000).

■ McCrary alleged that the defendants discriminated against him because of his race and sex and because he had filed other discrimination charges against them. His complaint includes a right to sue letter from the EEOC, but this letter does not include any specific allegations of discrimination or indicate the charges that had

been administratively reviewed. Hence, the district court properly dismissed McCrary's Title VII claims for lack of administrative exhaustion. *See Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545–546 (6th Cir.1991). The failure to show exhaustion also bars his ADEA claim. *See Davis v. Sodexho*, 157 F.3d 460, 464 (6th Cir.1998).

McCrary now maintains that the defendants were named in his EEOC charge. However, this bare assertion does not show that he obtained a right to sue letter with regard to any of the specific claims that are the subject of his present suit. The district court also properly found that McCrary's allegations of retaliation, sex discrimination and a hostile work environment were utterly lacking in merit. Moreover, the failure to raise a cognizable Title VII claim against McCrary's employer undermines such a claim against his union or its representatives.

■ McCrary alleged that the defendants violated § 1981 by not promoting him to the positions of Budget Analyst 2 and Fiscal Specialist 2. However, the district court properly found that he had not made out a prima facie case of racial discrimination because he did not meet the minimum qualifications for the Budget Analyst position and because the Fiscal Specialist position was given to another African American. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–84 (6th Cir.1992). McCrary has not raised a clear challenge to these findings. Instead, he alleges that a similarly-situated Caucasian who was less than forty years of age was promoted to a "provider reimbursement analyst II" position. We decline to reach this allegation, as it is the subject of a separate lawsuit. *McCrary v. Ohio Civil Service Employees Assoc.*, No. C2–99–995 (S.D.Ohio Nov. 22, 2000).

McCrary also alleged that the defendants retaliated against him for filing prior discrimination charges. In rejecting this claim the district court properly found that McCrary had not demonstrated a sufficient nexus between the filing of these charges and the defendants' alleged actions. *See Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 343 (6th Cir.1998).

■ McCrary now alleges that he was terminated on February 5, 1999, because he filed charges with the EEOC and the federal court under § 1981. This claim was not clearly raised in McCrary's complaint and we will not reach it for the first time on appeal. *See Barker v. Shalala*, 40 F.3d 789, 793–94 (6th Cir.1994).

The district court dismissed McCrary's claim that the union defendants breached their duty of fair representation to him, because the Ohio State Employment Relations Board had exclusive jurisdiction over this claim. *See Franklin City Law Enforcement Ass'n v. F.O.P., Lodge 9*, 59 Ohio St.3d 167, 572 N.E.2d 87, 90 (Ohio 1991). McCrary continues to argue that the union breached its duty, but he has not responded to the jurisdictional grounds that the court cited for dismissing this claim.

We have considered McCrary's other arguments and they are all unavailing.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.