*333 O’Neill, J.,
dissenting.
{¶ 65} I respectfully disagree with the conclusion reached by the majority regarding the jurisdiction of the common pleas court to decide whether the employees of the prison are public employees and therefore entitled to all of the rights and privileges afforded to public employees. The Franklin County Common Pleas Court has jurisdiction to decide whether employees of private companies that operate prisons pursuant to contract with the state are public employees as defined under R.C. 4117.01(C).
{¶ 66} The majority’s opinion gives the State Employment Relations Board (“SERB”) greater exclusive jurisdiction than prescribed by statute. R.C. Chapter 4117 confers jurisdiction on SERB only over certain aspects of public employer-employee interactions. As the majority correctly noted, citing State ex rel. Banc One Corp. v. Walker, 86 Ohio St.3d 169, 171-172, 712 N.E.2d 742 (1999), when the General Assembly intends to vest exclusive jurisdiction in an agency, it provides it by appropriate statutory language. However, nowhere in R.C. Chapter 4117 does the General Assembly assign to SERB exclusive jurisdiction over all issues touching on the chapter’s provisions. This is evident from the language the General Assembly chose in describing SERB’S jurisdiction over various issues. Instead of a broad grant of jurisdiction, the General Assembly targeted specific issues for SERB to address in the first instance. By way of example only, SERB has initial jurisdiction to certify the exclusive representative of a bargaining unit’s members, R.C. 4117.05(A)(1); SERB alone defines the unit appropriate for collective-bargaining purposes, R.C. 4117.06(A); SERB has exclusive jurisdiction over unfair labor practices (violations of R.C. 4117.11), R.C. 4117.12; and SERB first determines whether an employer-challenged strike is authorized under R.C. Chapter 4117, R.C. 4117.23.
{¶ 67} While the majority relies on this court’s decision in Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9, 59 Ohio St.3d 167, 572 N.E.2d 87 (1991), for the proposition that who is a “public employer” is a question that must be determined under R.C. Chapter 4117, we acknowledged that a plaintiff may raise rights that exist independently of R.C. Chapter 4117, like constitutional rights, in common pleas courts. This is true “even though they may touch on the collective bargaining relationships between employer, employee, and union.” Id. at 172. In the second paragraph of the syllabus, this court held, “If a party asserts rights that are independent of R.C. Chapter 4117, the party’s complaint may properly be heard in common pleas court. However, if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive.” Declaratory judgments regarding a party’s status *334 under the definitions in R.C. 4117.01 do not necessarily rely on the rights and remedies created by other subsections of R.C. Chapter 4117.
James E. Melle, for appellees and cross-appellants, Ohio Civil Service Employees Association, David Combs, Clair Crawford, Lori Leach Douce, Margo Hall, Sheila Herron, Daniel Karcher, Rebecca Sayers, Angela Schuster, Troy Tackett, Kathy Tinker, Lisa Zimmerman, and ProgressOhio.org.
{¶ 68} Under the circumstances presented in this case, a declaratory-judgment action is an appropriate vehicle to determine whether the employees of Management & Training Corporation and Corrections Corporation of America are public employees as defined in R.C. 4117.01(C). Indeed, when the answer to a simple and direct question will resolve a controversy, a declaratory judgment may well be preferable to a full administrative proceeding. This question could not be more direct: are the employees of Management & Training Corporation and Corrections Corporation public employees? Yes or no?
{¶ 69} And the use of a declaratory-judgment action in cases like this is consistent with our authority and precedent. We have held that a declaratory judgment is not appropriate when another equally serviceable remedy is available. Swander Ditch Landowners’ Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs., 51 Ohio St.3d 131, 135, 554 N.E.2d 1324 (1990). But an administrative remedy is not as serviceable as a declaratory judgment when administrative practice would involve substantial expense that the declaratory-judgment action would not. Burt Realty Corp. v. Columbus, 21 Ohio St.2d 265, 257 N.E.2d 355 (1970), paragraph one of the syllabus. This is such a case.
{¶ 70} Here, a statewide union, the Ohio Civil Service Employees Association (“OCSEA”), is already in place. OCSEA claims that after their status is determined, Management & Training Corporation and Corrections Corporation’s employees either will or will not be entitled to representation by OCSEA and the benefits of the applicable collective-bargaining agreement. On these bases, OCSEA contends that a declaration that the prison employees either are or are not public employees will resolve the claim in its entirety. Under these circumstances, the Franklin County Court of Common Pleas has jurisdiction to hear OCSEA’s declaratory-judgment action to determine whether the individuals employed by Management & Training Corporation and Corrections Corporation are public employees as defined by R.C. 4117.01(C).
{¶ 71} Accordingly, I must dissent.
Pfeifer, J., concurs in the foregoing opinion.
*335 Taft Stettinius & Hollister, L.L.P., Charles R. Saxbe, James D. Abrams, and Celia M. Kilgard, for appellees Corrections Corporation of America and CCA Western Properties, Inc.
Michael DeWine, Attorney General, and Eric E. Murphy, State Solicitor, for appellants and cross-appellees state of Ohio, Governor John R. Kasich, Attorney General Michael DeWine, Secretary of State Jon Husted, Auditor of State David Yost, Ohio Department of Rehabilitation and Correction and its director, Gary C. Mohr, Ohio Department of Administrative Services and its director, Robert Blair, Treasurer Josh Mandel, and the Office of Budget and Management and its director, Timothy S. Keen.
Sutter O’Connell, Adam Martin, and Kevin W. Kita, for appellant and cross-appellee Management & Training Corporation.
American Federation of State, County and Municipal Employees, AFL-CIO, and Nicholas A. Serrano, urging affirmance in part and reversal in part for amicus curiae AFSCME International.
Buckley King, L.P.A., Robert J. Walter, Thomas I. Blackburn, and Diem N. Kaelber, urging affirmance in part and reversal in part for amici curiae Ohio Association of Public School Employees/AFSCME Local 4, AFL-CIO, Fraternal Order of Police of Ohio, Inc., and American Federation of State, County, and Municipal Employees Ohio Council 8.