[Cite as *Foy v. Ohio Atty. Gen.*, 2022-Ohio-62.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Raymond Foy, | : | |
| Plaintiff-Appellant, | : | No. 21AP-420 |
| | | (C.P.C. No. 20CV-3617) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| State of Ohio Attorney General, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 11, 2022

**On brief:** *Raymond Foy*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Margaret S. Moore*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Plaintiff-appellant, Raymond Foy, pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, State of Ohio Attorney General. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Foy, an inmate currently in the custody of the Ohio Department of Rehabilitation and Correction, filed a complaint against the state on June 5, 2020 seeking a declaration that he is a wrongfully imprisoned individual pursuant to R.C. 2743.48 and 2305.02. Foy is serving a 14-year sentence for convictions of aggravated robbery, having weapons while under disability, and carrying concealed weapons, along with accompanying firearm specifications. The criminal case originated in Stark County. Foy alleges in his

complaint that his convictions are void and that he is, therefore, a wrongfully imprisoned individual.

{¶ 3}   In response, the state filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), asserting the trial court lacked subject-matter jurisdiction over the complaint and that Foy failed to state a claim upon which relief can be granted.  Specifically, the state argued that, under R.C. 2305.02, only the court of common pleas in the county where the underlying criminal action was initiated has exclusive, original jurisdiction to determine whether a person is a wrongfully imprisoned individual as provided in R.C. 2743.48. Because the underlying criminal action originated in Stark County, the state asserts the trial court lacked subject-matter jurisdiction over the case.  The state additionally argued Foy failed to satisfy all of the requirements of the wrongful imprisonment statute.

{¶ 4}   In an August 5, 2021 decision and entry, the trial court granted the state's motion to dismiss.  The trial court agreed with the state that the sole and exclusive jurisdiction to determine whether someone is a wrongfully imprisoned individual rests with the common pleas court in the county where the underlying criminal action was initiated. Thus, the trial court concluded that because Foy's underlying criminal action was initiated in Stark County, only the Stark County Court of Common Pleas has jurisdiction to determine whether Foy is a wrongfully imprisoned individual under R.C. 2743.48(B)(1) and 2305.02.  Accordingly, the trial court granted the state's Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction.  Foy timely appeals.

## II.  Assignments of Error

{¶ 5}   Foy assigns the following errors for our review:

[1.] The trial court erred when it granted the State of Ohio motion to dismiss by improperly finding it lacked subject matter jurisdiction over plaintiff's wrongfull imprisonment. Action

[2.] The trial court erred as a matter of law when it improperly. Found that plaintiff wrongfull imprisonment action must be made where the underlying criminal action was initiated specifically Stark Count. No underlying criminal action was initiated against plaintiff in Stark County plaintiff filed a pre-trial motion to dismiss the aggravated robbery indictment. Because it donot charge plaintiff with robbing any person in Stark County the Stark County Court of Common Pleas lacked

jurisdiction of the subject matter CountOne indictment donot charge any offense plaintiff's judgment of conviction is void that derived from Count-One indictment

[3.] The trial court erred when it granted defendant motion to dismiss and reply motions those motion donot state the manner of service

[4.] The trial Judge falsified the facts/record plaintiff was not electronically served a copy of the court"s decision entry

[5.] The trial court erred when it failed to direct the clerk of court to serve plaintiff a copy of it's August-5-2021 decision/entry dismissal of plaintiff complaint

[6.] The trial court erred when it improperly ruled plaintiff's motion for default judgment moot entry

[7.] A jurisdictional defect cannot be waived this means that the lack of subject matter jurisdiction can be raised at any time even for the first time on appeal it is raised here now

(Sic passim.)

## III. First and Second Assignments of Error – Motion to Dismiss

{¶ 6}    Foy's first and second assignments of error are interrelated and we address them jointly.  Taken together, Foy argues in his first and second assignments of error that the trial court erred in granting the state's motion to dismiss for lack of subject-matter jurisdiction.

{¶ 7}    Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation.  *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6.  Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits.  *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, citing *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.  In deciding a Civ.R. 12(B)(1) motion, a court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum.  *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14.  An appellate court reviews a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of

subject-matter jurisdiction under a de novo standard of review. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

{¶ 8} Foy asserted in his complaint that he is a wrongfully imprisoned individual pursuant to R.C. 2743.48. To commence a wrongful imprisonment action, R.C. 2743.48 contemplates a two-step process. *State ex rel. O'Malley v. Russo*, 156 Ohio St.3d 548, 2019-Ohio-1698, ¶ 5. First, the claimant " 'must bring an action in the court of common pleas to secure a determination that he or she is a wrongfully imprisoned individual entitled to compensation.' " *Id.*, quoting *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, paragraph two of the syllabus. In the second step, the claimant " 'must file a civil action against the state, in the Court of Claims, to recover a sum of money.' " *Id.*, quoting *Griffith* at paragraph two of the syllabus.

{¶ 9} Additionally, R.C. 2305.02 sets forth the jurisdictional requirements of a wrongful imprisonment claim. Specifically, R.C. 2305.02 provides:

> The court of common pleas in the county where the underlying criminal action was initiated has exclusive, original jurisdiction to hear and determine an action or proceeding that is commenced by an individual who satisfies divisions (A)(1) to (5) of section 2743.48 of the Revised Code and that seeks a determination by the court that an error in procedure of the type described in division (A)(5) of that section occurred, that the offense of which the individual was found guilty, including all lesser included offenses, was not committed by the individual, or that no offense was committed by any person. If the court enters the requested determination, it shall comply with division (B) of that section.

Thus, based on the plain language of R.C. 2305.02, only the court of common pleas where the underlying criminal action was initiated has jurisdiction to determine whether a claimant is a wrongfully imprisoned individual under R.C. 2743.48. *Brandon v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-211, 2021-Ohio-418, ¶ 12 ("R.C. 2305.02 provides exclusive jurisdiction to the court of common pleas *where the underlying criminal action was initiated* to hear and resolve whether" a complainant is a wrongfully imprisoned individual under R.C. 2743.48.). (Emphasis added.)

{¶ 10} Here, Foy seeks a declaration that he is a wrongfully imprisoned individual under the first step of the two-step process outlined in R.C. 2743.48. Because the

underlying criminal action that Foy alleges resulted in his wrongful imprisonment was initiated in Stark County, we agree with the trial court that only the Stark County Court of Common Pleas has jurisdiction to determine whether Foy is a wrongfully imprisoned individual for purposes of R.C. 2743.48. As Foy filed his complaint in the Franklin County Court of Common Pleas, we further agree with the trial court that it lacks subject-matter jurisdiction over the matter.

{¶ 11} Foy attempts to overcome the jurisdictional hurdle by arguing that his underlying criminal action did not originate in Stark County, or in any other county for that matter. Foy asserts that, because of an alleged defect in his indictment, Stark County lacked jurisdiction to convict him and argues both his indictment and subsequent conviction are void ab initio. Despite Foy's argument that his criminal action could not have originated in Stark County because it was not *properly* initiated, we note that the plain language of R.C. 2305.02 specifically contemplates exclusive, original jurisdiction in the "court of common pleas in the county where the underlying criminal action was *initiated*." (Emphasis added.) The statute does not provide that it only applies when the underlying criminal action was initiated without error, and we will not read such a requirement into the statute when it does not exist. *See, e.g., State v. Ali*, 10th Dist. No. 18AP-935, 2019-Ohio-3864, ¶ 26 ("[t]his court will not add language to an unambiguous statute"), citing *State v. Jordan,* 10th Dist. No. 11AP-679, 2012-Ohio-954, ¶ 7, citing *State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 117 Ohio St.3d 76, 2008-Ohio-333, ¶ 39. There is no dispute that the underlying criminal action here was initiated in Stark County, and, pursuant to the plain language of R.C. 2305.02, the Stark County Court of Common Pleas has exclusive, original jurisdiction over Foy's action to be designated a wrongfully imprisoned individual. Accordingly, we do not agree with Foy that he can avoid the application of R.C. 2305.02 to his case by alleging error in his underlying criminal proceedings.

{¶ 12} For these reasons, the trial court did not err in granting the state's Civ.R. 12(B)(1) motion to dismiss. We overrule Foy's first and second assignments of error.

**IV. Third, Fourth, and Fifth Assignments of Error – Issues with Service**

{¶ 13} In his third, fourth, and fifth assignments of error, Foy argues the trial court erred in ruling on the state's motion to dismiss both because the state did not properly serve

Foy with a copy of the motion and because the trial court did not properly serve Foy with a copy of the decision and entry granting the state's motion to dismiss.

{¶ 14} Initially, Foy argues the state failed to comply with Civ.R. 5(B)(4) when it filed its July 10, 2020 motion to dismiss. Pursuant to Civ.R. 5(B)(4), "[d]ocuments filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." However, even if there is a defect in the certificate of service, the error may be deemed harmless error. *Capital One Bank (USA) N.A. v. Ryan*, 10th Dist. No. 14AP-102, 2014-Ohio-3932, ¶ 29 (even where a party may have technically violated Civ.R. 5, if the appealing party cannot demonstrate how the defect in service has prejudiced him, the error is harmless and not a basis for reversal), citing *Grenga v. Smith*, 11th Dist. No. 2001-T-0040, 2002 Ohio App. LEXIS 1221 (Mar. 15, 2002). *See also Bond v. Village of Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 18-19 (noting a trial court's failure to properly serve a party under Civ.R. 5 does not warrant reversal where the error is harmless), citing Civ.R. 61 and R.C. 2309.59.

{¶ 15} Here, the state's July 10, 2020 motion to dismiss contained a certificate of service, though the certificate of service did not specify what manner of service the state used. Despite that omission, Foy filed a July 23, 2020 response to the state's motion to dismiss. Thus, Foy does not allege that he was not properly served a copy of the state's motion to dismiss; instead, he alleges only that the state's certificate of service was insufficient. Only after filing his response to the state's motion to dismiss did Foy note any defect in the certificate of service to the trial court. Specifically, Foy also filed an August 18, 2020 motion for default judgment alleging the state's inadequate certificate of service required the trial court to strike the state's motion to dismiss. The state responded to Foy's motion and though it conceded its certificate of service did not contain the method of service, it noted that Foy had already filed a responsive document to the motion to dismiss, indicating service had been completed. Thus, while the state did not technically comply with the requirements of Civ.R. 5 through its certificate of service, Foy had the opportunity to note that error to the trial court and, as is evident by his response to the motion to dismiss, was actually served with the motion despite any defect in the certificate of service. Thus, we find any error in the state's certificate of service to be harmless error. *See, e.g., CitiMortgage, Inc. v. Guinther*, 10th Dist. No. 12AP-654, 2013-Ohio-4014, ¶ 41 ("[a]bsent

any indication of material prejudice, error is harmless and cannot serve as a basis for reversal"). Therefore, the trial court did not err in ruling upon the state's motion to dismiss.

{¶ 16} Additionally, Foy argues the trial court did not serve him a copy of the August 5, 2021 decision and entry granting the state's motion to dismiss. However, Foy filed a timely notice of appeal from the decision and entry, so his assertion that he was not served lacks merit.

{¶ 17} We overrule Foy's third, fourth, and fifth assignments of error.

## V.  Sixth Assignment of Error – Motion for Default Judgment

{¶ 18} In his sixth assignment of error, Foy argues the trial court erred in determining his August 18, 2020 motion for default judgment is moot.  As noted above, Foy's August 18, 2020 motion asked the trial court to strike the state's motion to dismiss for its alleged failure to comply with Civ.R. 5(B)(4).  Under this assignment of error, Foy asserts that because the state failed to properly comply with Civ.R. 5(B)(4) when it filed its motion to dismiss, the trial court should have deemed the state to never have responded to Foy's complaint and, therefore, should have granted Foy a default judgment on his complaint.

{¶ 19} Civ.R. 55 governs default judgment and provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor." Civ.R. 55(A).  However, even when a defendant fails to answer or otherwise respond, the trial court is not automatically required to enter a default judgment and has discretion, as it deems necessary and proper, to require a party to substantiate its claims with evidence.  *Lane v. U.S. Bank, N.A.*, 10th Dist. No. 20AP-335, 2021-Ohio-1891, ¶ 7.  Moreover, "[n]o judgment by default shall be entered against this state, a political subdivision, or officer in his representative capacity or agency of either unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Civ.R. 55(D).

{¶ 20} For the reasons outlined in our resolution of Foy's third, fourth, and fifth assignments of error, any error in the state's certificate of service attached to its motion to dismiss was harmless error. Thus, we do not agree with Foy that the state should be deemed not to have responded to his complaint.  Because the state filed a motion to dismiss and Foy

filed a response to the state's dismissal, and the trial court ultimately granted the state's motion to dismiss, we agree with the trial court that Foy's subsequently filed motion for default judgment is moot. Thus, we overrule Foy's sixth assignment of error.

## VI. Seventh Assignment of Error – Jurisdictional Defect

{¶ 21} In his seventh and final assignment of error, Foy argues that this court should declare him a wrongfully imprisoned individual. More specifically, Foy asserts that because he is alleging a jurisdictional defect in the underlying criminal indictment and that jurisdiction can never be waived, this court should act to vacate the void judgment of his conviction in the underlying criminal case and declare him wrongfully imprisoned.

{¶ 22} Foy relies on the general principle that " '[b]ecause subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time.' " *State v. Chavis*, 10th Dist. No. 15AP-557, 2015-Ohio-5549, ¶ 17, quoting *State v. Smith*, 10th Dist. No. 06AP-1059, 2007-Ohio-2873, ¶ 9, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. However, this court's jurisdiction is limited to "review and affirm, modify, or reverse judgments or final orders *of the courts of record inferior to the court of appeals within the district.*" (Emphasis added.) Ohio Constitution, Article IV, Section 3(B)(2). Thus, our review in the instant case is limited to the actions of the Franklin County Court of Common Pleas. To the extent Foy is asking this court to review a final judgment of the Stark County Court of Common Pleas, we do not have jurisdiction to review that order. We overrule Foy's seventh and final assignment of error.

## VII. Disposition

{¶ 23} Based on the foregoing reasons, the trial court did not err in granting the state's motion to dismiss Foy's complaint seeking a declaration that he is wrongfully imprisoned individual. Having overruled Foy's seven assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and MENTEL, JJ., concur.