[Cite as *State v. King*, 2022-Ohio-990.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 21CA0034-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON P. KING | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 21CRB00461 |

DECISION AND JOURNAL ENTRY

Dated: March 28, 2022

HENSAL, Presiding Judge.

{¶1} Jason King appeals from the judgment of the Medina Municipal Court. This Court affirms.

I.

{¶2} Mr. King was charged with one count of disorderly conduct after an altercation at a bar in Hinckley Township on March 22, 2021. The docket reflects that a complaint was filed on April 30, 2021, and summons was issued on May 10, 2021. Mr. King was arraigned on May 17, 2021, and a trial before a magistrate was scheduled for June 7, 2021.

{¶3} On the day of trial, Mr. King filed a motion for a continuance, asserting that he needed additional time to retain counsel "[d]ue to the holiday[.]" The magistrate denied his request, explaining that the case had been set for several weeks. Mr. King acknowledged that "the only reason [he] wasn't able to retain counsel [was] because [he] didn't jump on it right away." The magistrate then proceeded with the trial wherein the State presented the testimony of two

witnesses.  Mr. King did not cross-examine the State's witnesses, nor did he present evidence on his own behalf.

{¶4}     Later that day, the magistrate issued a "Magistrate's Decision – Judgment Entry and Sentence[,]" finding Mr. King guilty of disorderly conduct.  That decision was signed by the magistrate and the trial court.  At the bottom of the one-page decision, it advised that: "Any objections must be filed within fourteen (14) days of the date the magistrate's decision was filed. * * * Unless a party timely and specifically object[s] to a factual finding or legal conclusion in the magistrate's decision as required by criminal rule 19(D)(3)(b), no party may assign as error on appeal the court's adoption of any factual finding or legal conclusion."  Mr. King did not file objections to the magistrate's decision but filed a notice of appeal 11 days later on June 18, 2021. He now raises one assignment of error for this Court's review.

ASSIGNMENT OF ERROR

> THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO CONTINUE THE TRIAL IN ORDER TO RETAIN COUNSEL AND APPELLANT HAD A DEFENSE TO THE CHARGE AGAINST HIM.

{¶5}     In his sole assignment of error, Mr. King argues that the trial court erred by not granting his request for a continuance.  For the reasons that follow, we conclude that Mr. King has not established error on appeal.

{¶6}     Criminal Rule 19(D)(3)(b)(iv) provides that, except for a claim of plain error, a party forfeits appellate review of an issue unless the party files objections to the magistrate's decision within 14 days of its issuance.  Here, as previously noted, Mr. King did not file objections to the magistrate's decision.  The State raised this issue in its brief on appeal, and Mr. King responded in his reply brief.

**{¶7}** In his reply brief, Mr. King asserts that the magistrate's decision failed to conspicuously advise him that he could not assign as error on appeal any factual finding or legal conclusion unless he timely and specifically objected to that factual finding or legal conclusion, which is required under Criminal Rule 19(D)(3)(a)(iii). He does not dispute that the magistrate's decision contained the required advisement under Criminal Rule 19(D)(3)(a)(iii), but instead argues that the advisement was inconspicuous because it was in a smaller font than the rest of the decision, and the sentence immediately following the advisement was an incomplete sentence, stating "Any request".

**{¶8}** Mr. King's arguments in this regard are unpersuasive. A review of the magistrate's decision indicates that any difference in font size between the required advisement and the rest of the decision was negligible. Moreover, the fact that the decision contained two extraneous words after the required advisement does not change the fact that the decision contained the required advisement under Criminal Rule 19(D)(3)(a)(iii).

**{¶9}** Next, Mr. King argues that the certificate of service on the magistrate's decision erroneously indicates that a copy of the decision was personally delivered to him on June 8, 2021. He asserts that this was the day after trial, that he was not in the courtroom that day, and that a copy of the decision was not personally delivered to him. He does not, however, claim that he did not receive the magistrate's decision, which the docket reflects was filed and sent to him on June 7, 2021 (the day of trial). He filed a notice of appeal 11 days later, attaching a copy of that decision. It follows that Mr. King received a copy of that decision, and there is no indication that he suffered prejudice. The error in the certificate of service was, therefore, harmless. *See State v. Wombold*, 2d Dist. Montgomery No. 18428, 2001 WL 62579, *6 (Jan. 26, 2001) (holding that any error in the certificate of service was harmless when the defendant received a copy of the State's motion);

*Foy v. Ohio Atty. Gen.*, 10th Dist. Franklin No. 21AP-420, 2022-Ohio-62, ¶ 15 (finding "any error in the state's certificate of service to be harmless error."). In light of the foregoing, we conclude that Mr. King was properly advised of his obligation to file objections to the magistrate's decision, and that his failure to do so limits him to arguing plain error on appeal. *See* Crim.R. 19(D)(3)(a)(iii), (D)(3)(b)(iv).

{¶10} Mr. King argues that, if he did forfeit all but plain error on appeal, then the trial court committed plain error by denying his motion for a continuance. He argues that he was denied his right to counsel, which deprived him of a fair trial. For the reasons that follow, we disagree.

{¶11} Criminal Rule 52(B) governs plain error, providing that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "In order to constitute plain error, an error must be obvious and have a substantial adverse impact on the integrity of and the public's confidence in judicial proceedings." *State v. Fazenbaker*, 9th Dist. Summit No. 29108, 2021-Ohio-3447, ¶ 16, quoting *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995). "A reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice." *Id.*

{¶12} Regarding requests for a continuance, this Court has stated:

> The decision to grant or deny a continuance lies within the sound discretion of the trial judge, which requires a balancing of "any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). A trial court's determination of whether to continue a hearing should consider factors such as the length of the continuance sought; whether the hearing has already been continued; and the inconvenience to other parties and/or counsel, witnesses, and the trial court. *Id.* at 67-68.

*In re L.M.*, 9th Dist. Summit No. 29687, 2020-Ohio-4451, ¶ 5, quoting *In re L.B.*, 9th Dist. Summit Nos. 28483 and 28494, 2017-Ohio-7049, ¶ 11. "Additional factors include 'whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the

[party] contributed to the circumstance which gives rise to the request for a continuance;' as well as any other relevant issues arising from the unique facts of the case." *Id.*, quoting *Unger* at 67-68.

{¶13} Here, Mr. King acknowledged to the magistrate that "the only reason [he] wasn't able to retain counsel [was] because [he] didn't jump on it right away." He stated that the attorney he wished to retain had been on vacation, and that he had waited "a week or two too long" before trying to retain him. The prosecutor and two witnesses for the State, on the other hand, were present and ready to proceed with trial. Under these circumstances, we cannot say that the magistrate committed reversible error by denying Mr. King's last-minute request for a continuance. *See id.*, at ¶ 14 ("A last-minute delay, without prior notice to the visiting judge, attorneys, and parties, would have inconvenienced all persons present and ready to proceed on the scheduled date."); *State v. Gaskins*, 9th Dist. Medina No. 06CA0086-M, 2007-Ohio-4103, ¶ 43 (holding that the trial court did not err by denying a "last minute" request for a continuance filed the day before trial when several witnesses were set to appear for trial, and the appellant could not articulate a legitimate basis for his request). Because we find no reversible error in this regard, Mr. King cannot establish plain error on appeal. *See* CrimR. 52(B). Accordingly, Mr. King's assignment of error is overruled.

### III.

{¶14} Mr. King's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
DISSENTS.

APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.