RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0275p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

CHRISTINA LITTLER,

      *Plaintiff-Appellant*,

    *v.*

OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES,

      *Defendant-Appellee*.

> No. 22-4056

Appeal from the United States District Court for the Southern District of Ohio at Columbus.
No. 2:18-cv-01745—Sarah Daggett Morrison, District Judge.

Argued: October 24, 2023

Decided and Filed: December 21, 2023

Before: WHITE, NALBANDIAN, READLER, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Jonathan F. Mitchell, MITCHELL LAW PLLC, Austin, Texas, for Appellant. Jacob Karabell, BREDHOFF & KAISER, P.L.L.C., Washington, D.C., for Appellee. **ON BRIEF:** Jonathan F. Mitchell, MITCHELL LAW PLLC, Austin, Texas, for Appellant. Jacob Karabell, Richard F. Griffin, Jr., BREDHOFF & KAISER, P.L.L.C., Washington, D.C., for Appellee. William L. Messenger, NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION, INC., Springfield, Virginia, for Amicus Curiae.

───────────────

## OPINION

───────────────

HELENE N. WHITE, Circuit Judge. Plaintiff-Appellant Christina Littler appeals the grant of summary judgment to Defendant-Appellee Ohio Association of Public School Employees (OAPSE) in this 42 U.S.C. § 1983 action alleging the wrongful deduction and

retention of union dues.  Because the district court did not err in concluding that OAPSE was not a state actor under § 1983, we AFFIRM.

**I.**

**A.**

Christina Littler became a bus driver for the South-Western City School District in 2011. In 2015, she joined OAPSE, a public-sector union that represents over 30,000 employees in Ohio.  When Littler joined the union, she signed an OAPSE membership-application card that authorized the school district to "deduct OAPSE State dues and Local dues as set forth herein . . . from [her] salary or wages and remit the same to the OAPSE State Treasurer."  R.37-1, PID 1016; *see* Ohio Rev. Code § 4117.09(B)(2).  The membership application also stated that "any withdrawal of dues deduction authorization shall be in writing, executed and delivered during the revocation period by written notice served upon the Chief Fiscal Officer of the Employer and the OAPSE State Treasurer," and that any withdrawal must happen "during a 10 day period from August 22 through August 31."  R.37-1, PID 1016.

Prior to the Supreme Court's decision in *Janus v. American Federation of State, Country, & Municipal Employees, Council 31*, 138 S.Ct. 2448 (2018), OAPSE collected membership dues from union members and fair-share fees, *i.e.* reduced union fees, from bargaining-unit members who did not join the union.  Under this fair-share fees scheme, the school district would, without any prior authorization from the affected employees, withhold fees from employees who did not elect to join the union.  In *Janus*, the Supreme Court held that imposition of mandatory fair-share fees on non-union members by public-sector unions is unconstitutional.  138 S. Ct. at 2460.  In response, OAPSE stopped collecting fair-share fees from non-members.

Following the *Janus* decision, and during the 10-day withdrawal period in August 2018, Littler sent an email to Gary Martin, the Director of Membership Services for OAPSE, and Hugh Garside, the Treasurer and CFO for the South-Western City School District, stating that she was withdrawing her union membership (and therefore her prior dues-deduction authorization too). But her withdrawal hit a snag.  For many years, OAPSE had interpreted the requirement in the membership-application card that withdrawal requests be "in writing, executed and delivered" as

requiring members to provide OAPSE with a hard copy of a signed document to effectuate their withdrawal. In fall 2018, OAPSE decided that emails with an attachment containing an original signature would satisfy the "in writing, executed and delivered" requirement. Littler's August 2018 email did not include an original signature, so OAPSE deemed it ineffective. After her August 2018 email, but still during the 10-day withdrawal period, an OAPSE representative left voicemails for Littler to inform her that "her attempt to withdraw her dues-deduction authorization was not effective because she had not sent a handwritten signature" with her email. Appellee Br. 4.

Littler sent a follow-up email to Martin and Garside on August 28, 2018, stating that she "do[es] not authorize any deductions from [her] pay for union fees." R.52-4, PID 1915. But when the 2018-2019 dues deduction period began in November 2018, the union-dues deductions continued. Littler again emailed Garside, stating that she opted out of the union and asking why dues were still being withheld. Garside explained to Littler that OAPSE was responsible for the deduction list and that she would "need to discuss this with them." Littler reached out to the OAPSE accounting office to explain the situation but received no response. Littler alleges that OAPSE and South-Western City School District deducted $31.64 from each of her November 5, 2018, November 20, 2018 and December 5, 2018 paychecks.

In February 2019, OAPSE again changed its interpretation of the withdrawal policy. Under the new policy, OAPSE accepted emails from union members seeking to withdraw even without original signatures. It retroactively applied the new policy by honoring any emailed withdrawals sent by members during the 2018 withdrawal period. That included Littler. OAPSE notified Littler on February 19, 2019 that it was honoring her withdrawal and sent her a check for the dues deducted since August 2018, plus interest.

**B.**

Littler filed this action alleging that OAPSE illegally deducted dues from her paycheck in violation of *Janus* and the First Amendment and that she never freely gave consent to the union to deduct dues. She asserts claims under 42 U.S.C. § 1983 and several state laws and seeks a declaration of rights under the Declaratory Judgment Act, 28 U.S.C. § 2201. In July 2020, the

district court granted summary judgment for OAPSE based on its conclusion that Littler had not validly withdrawn from the union under the contract formed by the membership-application card because she did not present evidence that she sent her withdrawal notice to the OAPSE State Treasurer. *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, No. 2:18-CV-1745, 2020 WL 4038999, at *4 (S.D. Ohio July 17, 2020), *rev'd and remanded*, No. 20-3795, 2022 WL 898767 (6th Cir. Mar. 28, 2022). But because the district court considered that issue *sua sponte* and Littler did not have sufficient opportunity to present evidence or argument regarding the recipients of her attempted withdrawal, we reversed the grant of summary judgment and remanded the case. *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 2022 WL 898767, at *7. We instructed the district court to "provide Littler the opportunity to present evidence and argument regarding the requirement that she submit any withdrawal to the OAPSE treasurer." *Id.* We separately instructed the district court to reconsider addressing "OAPSE's argument that it is not a state actor subject to suit under 42 U.S.C. § 1983 . . . given the importance of the issue to the viability of this lawsuit." *Id.*

On remand, the district court assumed that Littler validly withdrew from the union, addressed only the state-action issue, and held that Littler had failed to show that OAPSE was a state actor. *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, No. 2:18-CV-1745, 2022 WL 17082686, at *2–4 (S.D. Ohio Nov. 18, 2022). Accordingly, the district court granted OAPSE summary judgment on Littler's § 1983 claim, *id.* at *4, and declined to exercise supplemental jurisdiction over Littler's remaining state-law claims, *id.* at *5.[1]

## II.

The sole question on appeal is whether the district court erred in granting OAPSE summary judgment on Littler's 42 U.S.C. § 1983 claim based on its conclusion that OAPSE was not acting "under color" of state law when it continued to deduct union fees from Littler's

---

[1]Although the district court did not expressly rule on Littler's request for declaratory relief under the Declaratory Judgment Act, s*ee id.*, we see no problem under Federal Rule of Civil Procedure 54(b). Because her substantive § 1983 claim failed, her request for declaratory relief to resolve her substantive rights also failed. *See Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 192 (2014) (noting that the operation of the Declaratory Judgment Act is "only procedural, leaving substantive rights unchanged" (internal quotation marks and citations omitted)); *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) ("[Section] 2201 does not create an independent cause of action.").

paycheck after Littler's August 2018 email. We review a district court's grant of summary judgment de novo. *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 231 (6th Cir. 2019). Summary judgment is appropriate when the non-moving party fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To succeed on a claim under § 1983, Littler must prove that she was deprived of a right "secured by the Constitution or laws of the United States" and that such deprivation was "caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)). To show that a private defendant, like OAPSE, was acting under color of state law, Littler must show that the private actor's conduct causing the deprivation was "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Conduct causing a deprivation is only fairly attributable to the state if (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) "the party charged with deprivation must be a person who may fairly be said to be a state actor." *Id.*

Littler's claim fails on the first prong: she cannot show that the alleged deprivation was caused by any governmental policy or decision. The crux of her argument that OAPSE's actions are fairly attributable to the state is that the school district itself withheld Littler's wages, and it did so at OAPSE's request pursuant to their collective bargaining agreement (CBA). Notably, Littler does not challenge the validity of the CBA or any state law providing for such agreements. She argues instead that OAPSE improperly instructed the school district to withhold her wages after she withdrew her union membership. Such conduct does not invoke the authority of a state statute or rule. Instead, it is inconsistent with the CBA, and violates Littler's agreement with OAPSE.

In *Lugar v. Edmonson Oil Co., Inc.*, the Supreme Court rejected the conclusion that a private party who misuses a state procedure is acting according to "a rule of conduct imposed by the state." 457 U.S. at 937. *Lugar* was a challenge to Virginia's prejudgment-attachment procedure. Lugar's supplier, Edmonson Oil Co., Inc., sued Lugar over debts Lugar owed to

Edmonson and separately sought prejudgment attachment of Lugar's property. *Id.* at 924. Pursuant to the prejudgment-attachment scheme established by state law, a state-court clerk issued a writ of attachment that was executed by the county sheriff. *Id.* Lugar challenged that prejudgment attachment raising two due process violations and a pendant state-law claim. Count One challenged the state statute itself as procedurally defective under the Fourteenth Amendment, and the Court found that claim adequately alleged that Edmonson was a state actor. *Id.* at 940–42. Count Two alleged Edmondson deprived Lugar of property without due process through actions that were "unlawful under state law." *Id.* at 940. On that count, the *Lugar* Court held that Edmonson's invocation of the "statute without the grounds to do so could in no way be attributed to a state rule or a state decision," so the requisite state action was absent. *Id. Lugar* teaches that when a party acts "contrary to the relevant policy articulated by the State," such conduct "c[an]not be ascribed to any governmental decision." *Id.*; *see also Revis v. Meldrum*, 489 F.3d 273, 291 (6th Cir. 2007) (finding no state action for claim that "private-party defendants applied for . . . writs maliciously or without cause" because "invocation of presumptively valid state procedures . . . amounts, at most, to the sort of statutory misuse or abuse that *Lugar* specifically instructs does not give rise to state action").

Littler's § 1983 claim falls within *Lugar*'s discussion of statutory misuse. Littler alleges that OAPSE improperly instructed the state to withhold union dues after she withdrew her union membership. The deprivation was caused by a private actor—OAPSE—acting *contrary* to any rule of conduct imposed by the state, and thus cannot be attributed to the state.

The Ninth Circuit recently reached the same conclusion in *Wright v. Service Employees International Union Local 503*, 48 F.4th 1112 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 749 (2023). There, Wright alleged, in part, that the union forged her dues authorization and that her state employer withheld union dues as a result. *Id.* at 1116–17. The Ninth Circuit recognized that "this fraudulent act is by its nature antithetical to any 'right or privilege created by the State' because it is an express violation of existing state law." *Id.* at 1123 (citing *Lugar*, 457 U.S. at 937). It therefore affirmed the dismissal of Wright's claims because she had "fail[ed] to identify any 'state policy' that would make [the union] a state actor under § 1983." *Id.*

Similarly, the Eight Circuit in *Hoekman v. Education Minnesota* found no state action based on a claim that the plaintiff's union continued to collect dues "after he asked to exit the dues-paying arrangement." 41 F.4th 969, 978 (8th Cir. 2022). That "alleged failure to process his request . . . lack[ed] a 'source in state authority.'" *Id.* (quoting *Lugar*, 978 U.S. at 939). Instead, "the decision was made by the union officials alone," and the state could not be "responsible for the decision of union officials to reject [his] resignation request." *Id.*

Littler's arguments to the contrary are unavailing. She first argues that the state-imposed "rule of conduct" comes from the terms of the CBA and the school district's compliance with the union's request to withhold dues from her paycheck. Appellant Br. 17. To be sure, a challenge to OAPSE's failure to process Littler's withdrawal—as with a challenge to the constitutionality of the CBA or the Ohio Collective Bargaining Act—alleges a harm for which the CBA and the school district's action are but-for causes. But this court must focus its state-action analysis on the "specific conduct of which the plaintiff complains." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Had Littler challenged the constitutionality of a statute pursuant to which the state withheld dues, the "specific conduct" challenged would be the state's withholdings, which would be state action taken pursuant to the challenged law. *See, e.g.*, *Janus v. Am. Fed'n of State, Cnty. & Mun. Emps., Council 31; AFL-CIO* (*Janus II*), 942 F.3d 352, 361 (7th Cir. 2019) (finding state action when plaintiffs challenged the constitutionality of a statutory scheme under which the state withheld fair-share fees). But here, the challenged conduct is OAPSE's failure to process Littler's withdrawal pursuant to the membership application and remove her name from the deduction list.[2] That failure is not governed by a state-imposed rule of conduct but rather by a private individual or organization's policy.

Finally, Littler argues in reply that "the Supreme Court has repudiated the idea that 42 U.S.C. § 1983 imposes liability only for conduct authorized by state law," citing *Monroe v. Pape*, 365 U.S. 167 (1961). Reply Br. at 6. But the Supreme Court has expressly distinguished

---

[2]This distinguishes the present case from cases like *Janus* and *Janus II* that found state action in challenges to fair-share fee statutes. *See Wright*, 48 F.4th at 1122 n.7 (distinguishing *Janus* by noting that it "do[es] not concern a private actor's alleged violation of state law"). Here, the asserted authority for the deductions was a contract between Littler and OAPSE, not a fair-share statute.

§ 1983 cases against state actors—as was the case in *Monroe v. Pape*—and those brought against private actors, as here. And in those private-actor cases, it is clear that claims based on "statutory misuse or abuse" are barred by *Lugar*. *Revis*, 489 F.3d at 291.

Because we conclude that the deprivation Littler challenges here was not "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," *Lugar*, 457 U.S. at 937, but rather by OAPSE's alleged breach of the CBA and membership-application card, and thus the challenged conduct cannot be fairly attributable to the state, we need not reach the second prong of *Lugar*'s state action test.

## III.

For the reasons set out above, we AFFIRM the district court's judgment.