[Cite as *Darling v. Am. Fedn. of State, Cty., & Mun. Emp.*, 2024-Ohio-2181.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lukas Darling et al., | : | |
| Plaintiffs-Appellants, | : | No. 23AP-645 |
| | | (C.P.C. No. 22CV-8864) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| American Federation of State, County, and Municipal Employees et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on June 6, 2024

**On brief:** *The Buckeye Institute, Jay R. Carson*, and *David C. Tryon* for appellants. **Argued:** *Jay R. Carson.*

**On brief:** *Ohio Association of Public School Employees/AFSME Local 4*, and *Thomas C. Drabick, Jr.*, and *Bredhoff & Kaiser, P.L.L.C., Jacob Karabell, Richard F. Griffin, Jr.*, and *Derrick Rice* for Ohio Association of Public School Employees. **Argued:** *Jacob Karabell.*

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Plaintiffs-appellants are five individuals who work for several school districts around Ohio. They appeal from an order of the Franklin County Court of Common Pleas dismissing their complaint against defendant-appellee, the Ohio Association of Public School Employees ("OAPSE"), on OAPSE's motion to dismiss. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On December 19, 2022, twelve public sector employees filed a complaint alleging their employers continued to authorize automatic payroll deductions for union membership fees after the employees voluntarily resigned from each of their respective unions. After seven plaintiffs reached settlements and dismissed their individual claims against several of the named defendants, the complaint was amended on May 26, 2023 to reflect the remaining parties. The five individuals who remained in the action—Chelsea Kolacki, Kristy Kolacki, Laura Langsdale, Steven Tulga, and Ronnie Legg—are public school employees who formerly belonged to the same union, OAPSE, the sole remaining defendant. (May 26, 2023 Am. Compl. at ¶ 26-31.)

{¶ 3} The appellants generally allege the same injury in the complaint. After the United States Supreme Court rendered its decision in *Janus v. AFSCME, Council 31*, ___ U.S. ___, 138 S.Ct. 2448, (2018),[1] each appellant sought to terminate their union membership and requested that the termination take effect immediately, including their removal from the membership rolls and the cessation of membership dues. (Am. Compl. at ¶ 37-38.)

{¶ 4} While OAPSE agreed to terminate their membership, it continued to authorize and receive membership dues deductions from each appellant's paycheck. (Am. Compl. at ¶ 46.) OAPSE informed the appellants they were bound by their union membership contract, which only permitted the revocation of payroll deduction authorization for membership dues during specified periods each year, referred to as "opt-out windows." OAPSE informed the appellants it would honor their requests and cease collecting membership dues at the next soonest opt-out window. (Am. Compl. at ¶ 46-47.)

{¶ 5} In response, the appellants argued that any consent to the continued withdrawal of membership dues was unequivocally revoked when they resigned from the union, which the union recognized when it received their resignations and timely terminated their membership benefits, and the continued unauthorized deductions

---

[1] In *Janus*, the Supreme Court overruled *Abood v. Detroit Bd. of Edn.*, 431 U.S. 209 (1977) and "held that imposition of mandatory fair-share fees on non-union members by public-sector unions is unconstitutional." *Littler v. Ohio Assn. of Pub. School Emps.*, 88 F.4th 1176, 1179 (6th Cir.2023).

constituted compelled speech in violation of *Janus*. (Am. Compl. at ¶ 7, 68-71.) This lawsuit followed.

{¶ 6} The appellants sought from the trial court a declaratory judgment that continued collection of union membership dues is unlawful under five contract-based causes of actions. In response, OAPSE filed a motion to dismiss pursuant to Civ.R. 12(B)(1). The union asserted the entirety of the complaint is subject to the exclusive jurisdiction of the Ohio State Employment Relations Board ("SERB"), as the claims relate to collective bargaining rights covered by Chapter 4117 of the Ohio Revised Code. (June 9, 2023 Mot. at 1.)

{¶ 7} The trial court agreed with OAPSE and dismissed the complaint on October 3, 2023. Without addressing the substance of the complaint, the trial court stated it lacked subject-matter jurisdiction as a matter of statute:

> Though framed as common law contract claims in the Plaintiffs' amended complaint, OAPSE's conduct in continuing to exact dues without providing membership or membership benefits is dependent on facts, that if true, would also violate the Plaintiffs' right to refrain from assisting or participating in an employee organization under R.C. 4117.11(B)(1) and R.C. 4117.03(A)(1). That same conduct also implicates the concept of payment without representation, a possible violation of R.C. 4117.11(B)(6). Since the Plaintiffs must necessarily prove these violations of R.C. Chapter 4117 to succeed on their claim for declaratory judgment, and because their claims arise from and assert the occurrence of unfair labor practices covered by R.C. Chapter 4117, the Court must conclude that the SERB has exclusive jurisdiction over them.

(Oct. 3, 2023 Decision at 5-6.)

{¶ 8} This appeal timely followed.

## II. Assignment of Error

{¶ 9} The appellants present the following sole assignment of error for our review:

> The trial court erred by treating the Plaintiffs' complaints, which related to their private contracts with the Defendant Union, as unfair labor practices subject to the exclusive jurisdiction of SERB.

## III.  Law and Analysis

### A. Standard of Review

{¶ 10} "Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits." *Foy v. State AG*, 10th Dist. No. 21AP-420, 2022-Ohio-62, ¶ 7.  Civ.R. 12(B)(1) requires dismissal of an action if the trial court lacks jurisdiction over the subject matter of the litigation.  *Id*.  A motion made under Civ.R. 12(B)(1) is procedural and tests the sufficiency of the complaint.  *Delasoft, Inc. v. Ohio Dept. of Adm. Servs*., 10th Dist. No. 22AP-85, 2022-Ohio-3403, ¶ 13.  "In deciding a Civ.R. 12(B)(1) motion, a court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum."  *Foy* at ¶ 7.  We review a trial court's dismissal of a complaint under Civ.R. 12(B)(1) under a de novo standard of review.  *Delasoft, Inc* at ¶ 12.

### B. Discussion

{¶ 11} SERB is a state agency created by R.C. Chapter 4117, and thus is "limited to the powers and jurisdiction conferred on it by statute."  *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 51.  It has exclusive jurisdiction to decide the "matters committed to it pursuant to R.C. Chapter 4117."  *State ex rel. Fop, Ohio Labor Council v. Court of Common Pleas,* 76 Ohio St.3d 287, 289 (1996).  In several cases, the Supreme Court of Ohio has broadly defined this jurisdiction to include "claims that arise from or are dependent on the collective bargaining rights created by R.C. Chapter 4117."  *Id*. *See also State ex rel. Ohio Civ. Serv. Emps. Assn*. at ¶ 57 (reiterating "the dispositive test remains whether the claims arise from or depend on collective-bargaining rights created by R.C. Chapter 4117"); *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, ¶ 20.

{¶ 12} However, not all claims that touch on R.C. Chapter 4117 are exclusive to SERB. *See State ex rel. Ohio Civ. Serv. Emps*. at ¶ 54.  The General Assembly did not extend exclusive jurisdiction "over claims that a party might have in a capacity other than as a public employee, employer, or union asserting collective bargaining rights." *Franklin Cty. Law Enforcement Assn. v. Fop*, 59 Ohio St.3d 167, 171 (1991).  Thus, claims arising from rights that exist independently of R.C. Chapter 4117 may properly be heard by the court of common pleas.  *Id*.  While there is no clear demarcation of claims that are independent of R.C. Chapter 4117, the following decisions from the Supreme Court are instructive.

{¶ 13} In *Franklin Cty. Law Enforcement Assn.*, the plaintiffs alleged a violation of their rights to participate in the affairs of the organization, as provided for in their union's constitution and R.C. 4117.19(C)(4). While originally styled as a breach of their contractual agreement with the union, at argument, the plaintiffs belatedly framed the claim as an infringement on their First Amendment rights. *Id.* at 171-72. Addressing the constitutional argument, the Supreme Court held that "[b]ecause constitutional rights exist independently of R.C. Chapter 4117, such claims may be raised in common pleas court even though they may touch on the collective bargaining relationships between employer, employee, and union." *Id.* at 172. [2]

{¶ 14} In *Keller v. Columbus,* 100 Ohio St.3d 192, 2003-Ohio-5599, the court addressed a plaintiff's statutory claims against a union and a public employer. Specifically, the plaintiffs alleged the city of Columbus violated various sections of the Public Records Act. The court held that because each of the claims were "based on the Public Records Act, independent of R.C. Chapter 4117, * * * [they were] not within the exclusive jurisdiction of SERB." *Id.* at ¶ 14. The court broadly noted that "SERB does not have exclusive jurisdiction over *every* claim that can somehow be cast in terms of an unfair labor practice." (Emphasis added.) *Id.*

{¶ 15} The appellants assert their contract law claims are not subject to SERB's exclusive jurisdiction because they do not arise from or depend upon the collective bargaining rights contained in R.C. Chapter 4117. Specifically, they claim breach of their union membership agreement with OAPSE. Because the contract at issue is between the employees and the union, and does not involve the employer, their claims are independent of R.C. Chapter 4117 and not subject to SERB's exclusive jurisdiction. (Appellants' Brief at 15-16.) Furthermore, the appellants argue, "a plain reading of [R.C. 4117.11(B)(1)] precludes a union's enforcement of its own membership rules from ever being an unfair labor practice." (Appellants' Brief at 16.)

{¶ 16} Conversely, OAPSE describes the appellants' arguments as, "in essence[,] that OAPSE interfered with their right to refrain from assisting the union, an unfair labor

---

[2] Although the court engaged in this analysis, the court ultimately concluded the matter was waived as to that case due to the failure to raise the constitutional issue in earlier proceedings. *Franklin Cty. Law Enforcement Assn.* at 172.

practice under the Bargaining Act." (Appellee's Brief at 13.) More specifically, that "OAPSE improperly directed Plaintiffs' public employers to deduct membership dues from each Plaintiff's paychecks after each Plaintiff resigned their union membership." (Appellee's Brief at 19.)

{¶ 17} R.C. 4117.11 regulates unfair labor practices. Within it, R.C. 4117.11(A) addresses acts committed by public employers and R.C. 4117.11(B) addresses acts committed by public labor organizations and public employees. As relevant here, R.C. 4117.11(B)(1) prohibits a labor organization from restraining or coercing employees in the exercise of their rights guaranteed in R.C. Chapter 4117. One such right, as highlighted by the trial court, is the right of public employees to "refrain from forming, joining, assisting, or participating in" any labor organization of their choosing. R.C. 4117.03(A)(1). In its decision, the trial court found the conduct alleged in the complaint—unlawfully collecting dues without authorization and without providing membership benefits—was "dependent on facts, that if true, would also violate the Plaintiffs' right to refrain from assisting or participating in an employee organization under R.C. 4117.11(B)(1) and R.C. 4117.03(A)(1)." (Decision at 6.) Additionally, were OAPSE found to have improperly instructed the employers to continue to deduct membership dues after the employees' resignation, it would have caused an employer to interfere with or restrain the employees' right to not assist or participate in the union—an unfair labor practice under R.C. 4117.11(B)(2). (*See* Appellee's Brief at 19-20, 24.)

{¶ 18} The appellants acknowledge the collective bargaining agreements between OAPSE and their employers contain a provision authorizing the deduction of membership dues "upon presentation of a written deduction authorization by the employee." R.C. 4117.09(B)(2). (Am. Compl. at ¶ 63.) Because the deductions have continued despite their protestations, the appellants contend "they have been compelled by law and their public employers' continued deduction of union membership dues from their paychecks" to support OAPSE financially and to subsidize its speech. (Am. Compl. at ¶ 64, 68.) They also assert none of the governing collective bargaining agreements between OAPSE and their employers allow for the deduction of union membership dues from non-members. (Am. Compl. at ¶ 72.)

{¶ 19} Three issues are therefore implicated by the conduct described in the complaint. First, whether OAPSE breached its agreement with its former members, the appellants. Second, whether compelled payroll deductions for membership dues violate the rights guaranteed to public employees under R.C. Chapter 4117. And third, whether the public employers' actions violated their respective collective bargaining agreements.

{¶ 20} In summary, although framed in contract law, the appellants allege violations of their rights under R.C. 4117.11(B)(1) and 4117.03(A)(1) to refrain from assisting OAPSE through the continued deduction of dues. (*See* Am. Compl. at ¶ 63, 64, 72.) None of these claims are independent of the "collective bargaining rights created by R.C. Chapter 4117." *Franklin Cty. Law Enforcement Assn.* at 171. *See also Ruehmer v. Queen City Lodge No. 69*, 1st Dist. No. C-200389, 2021-Ohio-2904, ¶ 32 ("Artful pleading does not alter the essence of the claim—that the plaintiffs were restrained in the exercise of their voting rights and deprived of the right accorded to them under R.C. Chapter 4117 to participate in union activities.").

{¶ 21} Following this decision, if the appellants choose to seek relief from SERB, we note this decision pertains only to jurisdiction, and not to the merits of the arguments.

{¶ 22} The trial court correctly found that, regardless of how they were pled, the appellants' claims were inextricably intertwined with R.C. Chapter 4117 and dependent upon the collective bargaining rights contained therein. We therefore overrule the appellants' sole assignment of error.

## IV. Disposition

{¶ 23} Having overruled the sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J. and BEATTY BLUNT, J., concur.

_____